1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated, | Case No. |
| | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| v. | |
| UNITEDHEALTHCARE SERVICES, INC., | |
| Defendant. | |

Defendant United HealthCare Services, Inc. ("United") hereby removes to this Court the state court action described below.  This removal is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), 28 U.S.C. § 1367(a), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, because this action involves: (1) claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; (2) related claims under Washington state law that form part of the same case or controversy under Article III; and (3) citizens of different states where the matter in controversy exceeds $75,000.

In support of its Notice of Removal, United states as follows:

1.      On or about January 9, 2019, plaintiff Frantz Samson filed an action in the Superior Court for the State of Washington in and for the County of King, and titled *Frantz Samson v. UnitedHealthcare Services, Inc.*, Case No. 19-2-00789-3 ("Action").  Copies of the complaint and

NOTICE OF REMOVAL - PAGE 1

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

other papers served upon United are attached at Exhibit 1, and these documents constitute all "process, pleadings, and orders" served in the state court action. 28 U.S.C. § 1446(a).

2.      Plaintiff completed service of process in this Action on United on January 16, 2019. This Notice of Removal is filed with the Court within 30 days after United's receipt of the complaint and is timely under 28 U.S.C. § 1446(b).

3.      Federal question jurisdiction exists in the Action.  The Action asserts claims for violations of the TCPA, which is a federal statute and provides jurisdiction in this Court.  (Compl. ¶¶ 10.1-11.4); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4.      Diversity jurisdiction also exists in the Action.  United is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.  To the best of United's knowledge, plaintiff is a citizen of Washington. (Compl. ¶ 3.1.)

5.      The matter in controversy in the Action exceeds $75,000, exclusive of interest and costs.  In the complaint, plaintiff seeks: (1) $500 in statutory damages on his First, Second, and Third Claims for Relief for each call he received on his cellular telephone allegedly from or on behalf of United; (2) $1,500 in treble damages on his Fourth Claim for Relief for each call he received on his cellular telephone allegedly from or on behalf of United; (3) injunctive relief to prohibit United from violating the TCPA or Washington's Consumer Protection Act; and (5) attorney fees pursuant to RCW 19.86.090.  (Compl. ¶¶ 8.1-11.4.)  Plaintiff alleges he received "at least several dozen" calls "sometimes twice a day" from or on behalf of United from March 2018 to January 2019. (*Id.* ¶¶ 6.5-6.7.)

6.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In addition, when calculating the amount in controversy for jurisdiction purposes, the court includes all compensatory damages, the cost of complying with an injunction, and attorney fees allowed by statute. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).  In a case seeking injunctive relief, the amount in controversy is the

NOTICE OF REMOVAL - PAGE 2

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

"value of the object of the litigation," *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977), or the "value of the particular and limited thing sought to be accomplished by the action," *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944).

7.     Based on plaintiff's estimate that he received "several dozen" calls (sometimes as often as two calls a day) for over a year, and because plaintiff seeks statutory damages of $500 and $1,500 for each call, plaintiff seeks statutory damages of at least $75,000.  In addition, plaintiff seeks injunctive relief and attorney fees that must be included in the amount in controversy.  Thus, plaintiff's allegations satisfy the minimum jurisdictional amount requirement of 28 U.S.C. § 1332(a).

8.     Supplemental jurisdictional exists in this Action.  Plaintiff's claims under the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*, derive from a common nucleus of operative facts as his federal TCPA claims, such that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).  Specifically, plaintiff's Washington statutory claims and TCPA claims both pertain to allegedly unauthorized calls to plaintiff's cellular telephone.  (*See, e.g.*, Compl. ¶¶ 6.1-6.22, 8.2-9.4.)  In addition, the amount in controversy for traditional diversity in a class action is met so long as it is met for the named plaintiff, based upon supplemental jurisdiction. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy[.]"). Consequently, this entire action may be removed.

9.     The Action was originally filed in the Superior Court for the State of Washington in and for the County of King, and is therefore removable to the Seattle Division of this District.  28 U.S.C. § 1441(a); LCR 3(e)(1).

10.     United reserves, and does not waive, all of its objections or defenses related to service, jurisdiction, or venue.

NOTICE OF REMOVAL - PAGE 3

11.     Pursuant to 28 U.S.C. § 1446(d), United will promptly serve this Notice of Removal upon all adverse parties and shall promptly file a copy thereof upon the clerk of the Superior Court for the State of Washington in and for the County of King.

12.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that United's factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

WHEREFORE, the above-captioned action against United is hereby removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and United respectfully requests that all further proceedings in this Action be conducted in this Court as provided by law.

Dated: February 5, 2019

HOLLAND & KNIGHT LLP


By:   *s/ Shannon Armstrong*
      Shannon Armstrong, WSB # 45947
      Shannon.armstrong@hklaw.com
      Kristin M. Asai, WSB # 49511
      kristin.asai@hklaw.com
      2300 US Bancorp Tower
      111 SW Fifth Avenue
      Portland, OR 97204
      Telephone: 503.243.2300
      Fax: 503.241.8014

      *Attorneys for Defendant*

NOTICE OF REMOVAL - PAGE 4

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

CERTIFICATE OF SERVICE

1

2      I hereby certify that I caused the foregoing NOTICE OF REMOVAL to be served on the
following person[s]:

3

4    Beth E. Terrell                              Jonathan Shub
     Jennifer Rust Murray                         Kevin Laukaitis
     Terrell Marshall Law Group PLLC              Aarthi Manohar
5    936 North 34th Street, Suite 300             Kohn, Swift & Graf, P.C.
     Seattle, Washington 98103-8869               1600 Market Street, Suite 2500
6    bterrell@terrellmarshall.com                 Philadelphia, Pennsylvania 19103
     jmurray@terrellmarshall.com                  jshub@kohnswift.com
7                                                 klaukaitis@kohnswift.com
     *Attorneys for Plaintiff*                    amanohar@kohnswift.com
8
     James A. Francis                             *Attorneys for Plaintiff*
9    John Soumilas
     Francis & Mailman, P.C.
10   1600 Market Street, 25th Floor
     Philadelphia, Pennsylvania 19103
11   jfrancis@consumerlawfirm.com
     jsoumilas@consumerlawfirm.com
12
     *Attorneys for Plaintiff*
13

14   by causing the document to be delivered by the following indicated method or methods:

15   ☑      by CM/ECF electronically mailed notice from the Court on the date set forth below.

16   ☑      by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes,
     addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of
17   the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon,
     on the date set forth below.
18
     ☐      by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their
19   attorneys at their last-known office addresses listed above on the date set forth below.

20   ☐      by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid
     envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office
21   addresses of the parties and/or their attorneys, on the date set forth below.

22   ☐      by faxing full, true, and correct copies thereof to the fax machines which are the last-known
     fax numbers for the parties' and/or attorneys' offices, on the date set forth below.
23
     DATED February 5, 2019.
24
                                                  *s/ Shannon Armstrong*
25                                                Shannon Armstrong

26

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

CERTIFICATE OF SERVICE – PAGE 1