FILED
2019 JAN 09 01:52 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-00789-3 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE SERVICES, INC.,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Frantz Samson ("Plaintiff"), by his undersigned attorneys, for this class action complaint against Defendant, UnitedHealthcare Services, Inc. ("United HealthCare" or "Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleges as follows:

### I. NATURE OF THE ACTION

1.1     Beginning in March 2018, Plaintiff began receiving automated telemarketing calls on his cellular telephone from, or on behalf of, Defendant. The calls included prerecorded messages asking Plaintiff to call about UnitedHealthcare insurance.

1.2     Plaintiff began receiving Defendant's calls shortly after he got a new cellular phone number. Plaintiff has never requested information from United Healthcare, has never provided his cell phone number to United Healthcare, and did not consent to receive calls from United Healthcare.

CLASS ACTION COMPLAINT - 1

1.3 Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Washington Automatic Dialing and Announcing Device Statute ("WADAD"), RCW 80.36.400, the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## II. JURISDICTION AND VENUE

2.1 <u>Subject Matter Jurisdiction</u>. This Court has jurisdiction over Plaintiff's TCPA claims based on concurrent jurisdiction under 47 U.S.C. § 227(b)(3) and RCW 2.08.010. This Court has jurisdiction over Plaintiff's WADAD claims based on RCW 80.36.400, RCW 19.86 *et seq.*, and RCW 2.08.010.

2.2 <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant pursuant to RCW 4.28.185 because Defendant transacted business in the State of Washington.

2.3 <u>Venue</u>. Venue is proper because Plaintiff resides in King County, Washington and a substantial part of the events giving rise to Plaintiff's claims occurred in King County, Washington.

## III. PARTIES

3.1 Plaintiff Frantz Samson is a citizen of Washington, residing in King County, Washington. Plaintiff received automated, prerecorded calls on his cellular telephone from, or on behalf of, Defendant.

3.2 Defendant UnitedHealthcare Services, Inc. is a Delaware company with its principal office in Minnetonka, Minnesota.

## IV. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

4.1 In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD"). As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

telephone numbers and plays a recorded message once a connection is made." See RCW 80.36.400(1)(a).

4.2 The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. See RCW 80.36.400(2).

4.3 A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 et seq. ("WCPA"). See RCW 80.36.400(3).

**V. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

5.1 In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

5.2 The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

5.3 Regulations promulgated by the Federal Communication Commission ("FCC") "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

5.4 The FCC confirmed this principle in 2013, when it explained that "a seller…may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party

CLASS ACTION COMPLAINT - 3

telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## VI. FACTUAL ALLEGATIONS

**A. United Healthcare made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express consent.**

6.1  Plaintiff's telephone number, (XXX) XXX-0170 is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number in March 2018.

6.2  Defendant UnitedHealthcare Services, Inc., is a for-profit managed health care company. As of 2018, it is ranked #5 on the Fortune 500 rankings of the largest United States corporations by total revenue. Defendant offers health care products and insurance services.

6.3  In or around March 2018, Plaintiff received a call on his cellular telephone from, or on behalf of, Defendant.

6.4  The call consisted of a prerecorded message to Plaintiff's voicemail asking Plaintiff to call UnitedHealthcare about health insurance coverage.

6.5  Plaintiff blocked the number that left the prerecorded message, but continued to regularly receive numerous automated calls from, or on behalf of, Defendant in the months following the March 2018 call. In fact, Plaintiff received at least several dozen similar calls from, or on behalf of, Defendant.

6.6  At one point, Plaintiff called UnitedHealthcare and told the agent that he wanted the calls stopped and to take him off the list. The agent told him it was not possible to remove his number because the company was too large. Plaintiff continued to receive calls — sometimes twice a day — from United Healthcare. Plaintiff also tried to "opt out" of the calls by following recorded, interactive instructions. However, Plaintiff continued to receive calls.

6.7  In December 2018, Plaintiff received another recorded message from United Healthcare. The message included a 1-800 number that Plaintiff called. He reached a live agent. He told the agent he was not the person United Healthcare intended to call and to take him off the list. He received another call on January 7, 2019.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.8     The calls made to Plaintiff consisted of prerecorded messages delivered by an automatic dial announcing device ("ADAD"). The prerecorded messages made to Plaintiff, by or on behalf of Defendant, were made for the purpose of commercial solicitation.

6.9     In the months he received these calls during 2018, Plaintiff was located in the state of Washington.

6.10    Plaintiff has never done business with Defendant.

6.11    Plaintiff did not provide prior express consent to receive prerecorded telephone calls or text messages on his cellular telephone from, or on behalf of, Defendant.

6.12    Defendant's calls to Plaintiff's cellular phone are intended for some person other than Plaintiff.

6.13    Defendant is responsible for making the above-described automated calls.

6.14    Defendant has made a significant number of automated and/or prerecorded calls to persons on their cellular telephones in Washington and throughout the United States. Consumers have posted online about United Healthcare's harassing calls:

- 10/10/18: Re: I am sick of all these phone calls, UNITED HEALTHCARE. For the love of God, stop calling me please!
- 9/20/18: I used to work for the [United Healthcare] housecalls program. We were yelled and screamed at all the time. We called the same people over and over even when they said no more calls they didn't care they forced us to call over and over Uhc don't care We were forced to get 15 to 20 appointments per day. It was like telemarketing. We had to con members into getting it done lie if needed. Don't do the housecalls program. It's a waste of time. They will cram it down your throat like it's the best thing in the world.

6.15    Defendant is aware of the TCPA and WADAD's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones

CLASS ACTION COMPLAINT - 5

without the prior express consent of the called party. Defendant therefore knowingly or willfully caused autodialed calls to be made to the cellular phones of Plaintiff and other consumers without their prior express consent.

**B.      Defendant used an ATDS and an artificial or prerecorded voice.**

6.16     When Defendant called his cellular phone, Defendant called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

6.17     Defendant also called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and the transcribed voicemails.

6.18     Defendant is a Fortune 500 company. The scale of its business requires the use of a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

6.19     The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone numbers in a short period of time without human intervention.

**C.      Defendant's TCPA violations harmed Plaintiff.**

6.20     During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.21 Defendant's repeated calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting his daily life and wasted his time.

6.22 Defendant's calls and voicemails intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls and voicemails.

## VII. CLASS ACTION ALLEGATIONS

7.1 Pursuant to Civil Rule 23, Plaintiff brings this case as a class action on behalf of two Classes of persons defined as follows:

> Washington State Class: All persons or entities in the State of Washington who received one or more telephone calls made by Defendant and/or made on Defendant's behalf using an automatic dialing and announcing device, when such a call included a pre-recorded message containing a solicitation and was transmitted to a telephone number with a Washington State area code at any time for the period that begins four years from the date of this Complaint to trial.
>
> Cell Phone Class: All persons or entities in the United States who, on or after four years before the filing of this action, received a call to their cellular telephone line with a pre-recorded message, made by or on behalf of Defendant.

Excluded from the Classes is Defendant, any entities in which Defendant has a controlling interest or that have a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family and staff.

7.2 **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes each have more than 100 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.3     **Commonality.** There are numerous questions of law and fact common to Plaintiff and Class members. These common questions of law and fact include:

      a.      As to Plaintiff and the Washington State Class, whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf used an automatic dialing and announcing device, as defined by RCW 80.36.400(1)(a), for purposes of commercial solicitation;

      b.      As to Plaintiff and the Washington State Class, whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 80.36.400;

      c.      As to Plaintiff and the Washington State Class, whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 19.86 *et seq.*;

      d.      As to Plaintiff and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any cell, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

      e.      As to Plaintiff and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willingly violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Cell Phone Class to treble damages;

      f.      Whether Defendant is liable for prerecorded calls marketing Defendant's products and/or services when such calls were made by Defendant's agents, affiliates and/or others acting on Defendant's behalf; and

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

    g.  Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf should be enjoined from violating the WADAD, the WCPA, and/or the TCPA in the future.

  7.4  **Typicality.** Plaintiff's claims are typical of the Classes in that they arise from Defendant's common course of conduct and are based on the same legal and remedial theories.

  7.5  **Adequacy.** Plaintiff will fairly an adequately represent and protect the interests of the Classes. Plaintiff has retained competent and experienced counsel who have significant experience in complex and class action litigation, including consumer class actions, WADAD class actions, and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes. Neither Plaintiff nor his counsel have interests that are contrary to or antagonistic to the members of the Classes.

  7.6  **Predominance.** Defendant has engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issue arising from this conduct that affects Plaintiff and members of the Classes predominate over any individual issues.

  7.7  **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the WADAD and the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the WADAD and/or the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

CLASS ACTION COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.8     **Injunctive and Declaratory Relief Is Appropriate.** Defendant acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VIII. FIRST CLAIM FOR RELIEF
### (VIOLATIONS OF RCW 80.36.400)

8.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     Defendant or others acting on its behalf has continually and repeatedly violated RCW 80.36.400(2) by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff and the Washington State Class to purchase Defendant's products and/or services.

8.3     As a result of Defendant's violations of RCW 80.36.400(2), Plaintiff and the Washington State Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

## IX. SECOND CLAIM FOR RELIEF
### (Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)

9.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 80.36.400(3) provides that a violation of RCW 80.36.400 is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*. By using ADADs to leave recorded messages for the purposes of encouraging Plaintiff and the Washington State Class to purchase Defendant's products and/or services, Defendant has continually and repeatedly violated the Washington Consumer Protection Act.

CLASS ACTION COMPLAINT - 10

9.3 As a result of Defendant's violations of RCW 80.36.400(2), Plaintiff and the Washington State Class have sustained damages, including $500 in statutory damages for each and every call in violation of the WADAD. The full amount of damages will be proven at trial. Plaintiff and Washington State Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

9.4 Under the Washington Consumer Protection Act, Plaintiff and members of the Washington State Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents and/or others acting on Defendant's behalf from violating the WCPA in the future.

## X. THIRD CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cell Phone Class)

10.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2 By making calls to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice, Defendant has violated the TCPA, 47 U.S.C. § 227(b)(1)(A).

10.3 As a result of Defendant's TCPA violations, Plaintiff and members of the Cell Phone Class are entitled to an award of $500 in damages of each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

10.4 Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf, from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XI. FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cell Phone Class)

11.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2 The foregoing acts and omissions of Defendant or other persons or entities acting on Defendant's behalf, constitute numerous and multiple knowing and or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

11.3 As a result of Defendant's knowing or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

11.4 Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Certify the Classes pursuant to Civil Rule 23;

B. Appoint Plaintiff Samson as representative of the Classes;

C. Appoint the undersigned counsel as counsel for the Classes;

D. Grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant and/or its affiliates, agents and/or others acting on Defendant's behalf will not continue to engage in the unlawful conduct set forth herein;

E. Award Plaintiff and the Classes statutory, compensatory and exemplary damages as permitted by law;

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F. Enter judgment against Defendant for attorney's fees and costs as permitted by law and/or equity;

G. Permit Plaintiff and the Classes leave to amend the Complaint to conform to the evidence presented at trial; and

H. Award any other or further relief which the Court deems fair and equitable.

Dated: January 9, 2019

Respectfully submitted,

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

James A. Francis*
Email: jfrancis@consumerlawfirm.com
John Soumilas*
Email: jsoumilas@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

CLASS ACTION COMPLAINT - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Jonathan Shub*
Email: jshub@kohnswift.com
Kevin Laukaitis*
Email: klaukaitis@kohnswift.com
Aarthi Manohar*
Email: amanohar@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

*Pro Hac Vice Application Forthcoming

Attorneys for Plaintiff

CLASS ACTION COMPLAINT - 14