THE HONORABLE JAMES L. ROBART

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE SERVICES, INC.,<br><br>Defendant. | NO. 2:19-cv-00175-JLR<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER[1]<br><br>Note on Motion Calendar: June 21, 2019 |

## I. STIPULATION

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

---

[1] The parties have agreed to changes to this Court's Model Stipulated Protective Order. Pursuant to LCR 26(c), the parties have attached a redlined version of the Model Order showing the parties' proposed changes as Exhibit A.

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER — 1
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) personal and private information regarding Plaintiff and proposed class members, including current and former street addresses for natural persons, social security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords; (2) confidential business and financial information; (3) trade secrets or other confidential research, development, or commercial information; and (4) patient health information "PHI") that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. Parts 160 and 164 (Privacy Rules), or other applicable statute. With respect to any PHI, the producing party may redact any information concerning physical or mental health condition and/or health care, but shall not redact name and contact information (e.g., phone number, e-mail, physical address). To the extent the producing party can produce requested information without also producing irrelevant information concerning physical or mental health condition and/or health care, the producing party will produce the requested information and refrain from producing the irrelevant information. For example, if names and contact information is maintained in a structured database that also houses information regarding physical or mental health, the database should be queried so that the requested names and contacted information are produced and the information regarding physical or mental health is not produced.

It is the parties' intent that information will not be designated confidential without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

## 3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER 2
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or otherwise; (2) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party; and (3) information regarding or relating to the receiving party.

Finally, any use of confidential material at trial shall be governed by a separate agreement or order.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. It is expressly intended and agreed that Confidential material will not be made public via social media, Internet publication, or otherwise.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the parties;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

    (d)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e)  the court, court personnel, and court reporters and their staff, including any court reporter or videographer reporting a deposition;

    (f)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (g)  witnesses or potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (h)  mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

    (i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (j)  professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

    (k)  other persons by written agreement of the parties.

  4.3  Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion

STIPULATION AND [PROPOSED] PROTECTIVE ORDER — 4
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that it is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. For example, if a database or information structure falls within the scope of this Agreement, the CONFIDENTIAL designation applies only to the proprietary structure and/or schema of the database or informational structure. A party who would like to designate the underlying data as CONFIDENTIAL must do so independently from the proprietary structure and/or schema. Designations that are shown to be clearly unjustified or that have been made for an improper

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Entire deposition transcripts should rarely, if ever, be designated as confidential. Any party who fails to designate a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential within thirty days after receipt has waived its ability to do so unless good cause exists for the failure to make the designation within that time period.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  
CASE NO. 2:19-CV-00175-JLR

7

TERRELL MARSHALL LAW GROUP PLLC  
936 North 34th Street, Suite 300  
Seattle, Washington 98103-8869  
TEL. 206.816.6603 • FAX 206.319.5450  
www.terrellmarshall.com

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by a non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  
CASE NO. 2:19-CV-00175-JLR

8

TERRELL MARSHALL LAW GROUP PLLC  
936 North 34th Street, Suite 300  
Seattle, Washington 98103-8869  
TEL. 206.816.6603 • FAX 206.319.5450  
www.terrellmarshall.com

(a)   promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)   promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED AND DATED this 21st day of June, 2019.

| TERRELL MARSHALL LAW GROUP PLLC | HOLLAND & KNIGHT LLP |
|---|---|
| By: /s/ Jennifer Rust Murray #36983<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Jennifer Rust Murray, WSBA #36983<br>Email: jmurray@terrellmarshall.com<br>Adrienne D. McEntee, WSBA #34061<br>Email: amcentee@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 | By: /s/ Shannon Armstrong, #45947<br>Shannon Armstrong, WSBA #45947<br>Email: shannon.armstrong@hklaw.com<br>Kristin M. Asai, WSBA #49511<br>Email: kristin.asai@hklaw.com<br>2300 U.S. Bancorp Tower<br>111 SW Fifth Avenue<br>Portland, Oregon 97204<br>Telephone: (503) 243-2300<br>Facsimile: (503) 241-8014 |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

James A. Francis, *Admitted Pro Hac Vice*
Email: jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email: jsoumilas@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Jonathan Shub
Email: jshub@kohnswift.com
Kevin Laukaitis
Email: klaukaitis@kohnswift.com
Aarthi Manohar
Email: amanohar@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

*Attorneys for Plaintiff*

Nipun Patel, *Admitted Pro Hac Vice*
Email: nipun.patel@hklaw.com
Paul Bond, *Admitted Pro Hac Vice*
Email: paul.bond@hklaw.com
HOLLAND & KNIGHT LLP
Cira Center, 2929 Arch St., Ste 800
Philadelphia, Pennsylvania 19104
Telephone: (215) 252-9600
Facsimile: (215) 867-6070

Zalika Pierre, *Admitted Pro Hac Vice*
Email: zalika.pierre@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010

*Attorneys for Defendant*

## II. [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

IT IS SO ORDERED.

DATED this 25th day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE
James L. Robart

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Frantz Samson v. UnitedHeathCare Services, Inc.*, Case No. 2:19-CV-00175-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Shannon Armstrong, WSBA #45947
>Email: shannon.armstrong@hklaw.com
>Kristin M. Asai, WSBA #49511
>Email: kristin.asai@hklaw.com
>HOLLAND & KNIGHT LLP
>2300 U.S. Bancorp Tower
>111 SW Fifth Avenue
>Portland, Oregon 97204
>Telephone: (503) 243-2300
>Facsimile: (503) 241-8014
>
>Nipun Patel, *Admitted Pro Hac Vice*
>Email: nipun.patel@hklaw.com
>Paul Bond, *Admitted Pro Hac Vice*
>Email: paul.bond@hklaw.com
>HOLLAND & KNIGHT LLP
>Cira Center, 2929 Arch Street, Suite 800
>Philadelphia, Pennsylvania 19104
>Telephone: (215) 252-9600
>Facsimile: (215) 867-6070
>
>Zalika Pierre, *Admitted Pro Hac Vice*
>Email: zalika.pierre@hklaw.com
>HOLLAND & KNIGHT LLP
>31 West 52nd Street, 12th Floor
>New York, New York 10019
>Telephone: (212) 513-3200
>Facsimile: (212) 385-9010
>
>*Attorneys for Defendant*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR

13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

DATED this 21st day of June, 2019.

                                      TERRELL MARSHALL LAW GROUP PLLC

                                      By: /s/ Jennifer Rust Murray, WSBA #36983
                                            Jennifer Rust Murray, WSBA #36983
                                            Email: jmurray@terrellmarshall.com
                                            936 North 34th Street, Suite 300
                                            Seattle, Washington 98103
                                            Telephone: (206) 816-6603
                                            Facsimile: (206) 319-5450

                                      *Attorneys for Plaintiff*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:19-CV-00175-JLR
14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com