THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6      IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
       IN AND FOR THE COUNTY OF KING

7

8    FRANTZ SAMSON, a Washington resident,
     individually and on behalf of all others similarly      NO. 2:19-cv-00175-JLR
9    situated,

                                                             **AMENDED CLASS ACTION**
10                  Plaintiff,                                **COMPLAINT**

11          v.

12   UNITEDHEALTHCARE SERVICES, INC.,

13                  Defendant.

14

15

16          Plaintiff Frantz Samson ("Plaintiff"), by his undersigned attorneys, for this class action

17   complaint against Defendant, UnitedHealthcare Services, Inc. ("United HealthCare" or

18   "Defendant"), and its present, former, or future direct and indirect parent companies,

19   subsidiaries, affiliates, agents, and/or other related entities, alleges as follows:

20                              **I.  NATURE OF THE ACTION**

21          1.1     Beginning in March 2018, Plaintiff began receiving automated telemarketing calls on his

22   cellular telephone from, or on behalf of, Defendant. The calls included prerecorded messages

23   asking Plaintiff to call about UnitedHealthcare insurance.

24          1.2     Plaintiff began receiving Defendant's calls shortly after he got a new cellular

25   phone number. Plaintiff has never requested information from United Healthcare, has never

26

27

AMENDED CLASS ACTION COMPLAINT - 1
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    provided his cell phone number to United Healthcare, and did not consent to receive calls from

2    United Healthcare.

3          1.3     Plaintiff, individually and as a class representative for all others similarly

4    situated, brings this action against Defendant for violations of the Telephone Consumer

5    Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

6                              **II.  JURISDICTION AND VENUE**

7          2.1     <u>Subject Matter Jurisdiction</u>. This Court has jurisdiction over Plaintiff's TCPA claims based on

8    federal question jurisdiction under 28 U.S.C. § 1331.

9          2.2     <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant

10   because Defendant transacted business in the State of Washington.

11         2.3     <u>Venue</u>. Venue is proper because Plaintiff resides in this district and a substantial

12   part of the events giving rise to Plaintiff's claims occurred in this district.

13                                     **III.  PARTIES**

14         3.1     Plaintiff Frantz Samson is a citizen of Washington, residing in King County, Washington.

15   Plaintiff received automated, prerecorded calls on his cellular telephone from, or on behalf of,

16   Defendant.

17         3.2     Defendant UnitedHealthcare Services, Inc. is a Delaware company with its

18   principal office in Minnetonka, Minnesota.

19    **IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

20         4.1     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints

21   regarding certain telemarketing practices.

22         4.2     The TCPA makes it unlawful "to make any call (other than a call made for

23   emergency purposes or made with the prior express consent of the called party) using an

24   automatic telephone dialing system or an artificial or prerecorded voice… to any telephone

25   number assigned to a… cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The

26

27

AMENDED CLASS ACTION COMPLAINT - 2
CASE NO. 2:19-CV-00175-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C.

2  § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

3      4.3     Regulations promulgated by the Federal Communication Commission ("FCC")

4  "generally establish that the party on whose behalf a solicitation is made bears ultimate

5  responsibility for any violations." *See* Rules and Regulations Implementing the Telephone

6  Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13

7  (1995).

8      4.4     The FCC confirmed this principle in 2013, when it explained that "a

9  seller…may be held vicariously liable under federal common law principles of agency for

10  violations of either section 227(b) or section 227(c) that are committed by third-party

11  telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.

12  Rcd. 6574, 6574 (2013).

### V.  FACTUAL ALLEGATIONS

**A.     United Healthcare made non-emergency calls to the cellular phones of Plaintiff
       and other consumers without their prior express consent.**

16      5.1     Plaintiff's telephone number, (XXX) XXX-0170 is assigned to a cellular telephone service.

Plaintiff first acquired this cellular phone number on July 20, 2018.

18      5.2     Defendant UnitedHealthcare Services, Inc., is a for-profit managed health care

19  company. As of 2018, it is ranked #5 on the Fortune 500 rankings of the largest United States

20  corporations by total revenue. Defendant offers health care products and insurance services.

21      5.3     Soon after he opened his account, Plaintiff began receiving calls on his cellular

telephone from, or on behalf of, Defendant.

23      5.4     The calls consisted of prerecorded messages to Plaintiff's voicemail asking

Plaintiff to call UnitedHealthcare about health insurance coverage.

25      5.5     Plaintiff blocked the number that left the prerecorded message, but continued to

regularly receive automated calls from, or on behalf of, Defendant in the following months.

27

AMENDED CLASS ACTION COMPLAINT - 3
CASE NO. 2:19-CV-00175-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     5.6    At one point, Plaintiff called UnitedHealthcare and told the agent that he wanted

2  the calls stopped and to take him off the list. The agent told him it was not possible to remove

3  his number because the company was too large. Plaintiff continued to receive calls —

4  sometimes twice a day — from United Healthcare. Plaintiff also tried to "opt out" of the calls

5  by following recorded, interactive instructions. However, Plaintiff continued to receive calls.

6     5.7    On another occasion, Plaintiff received another recorded message from United

7  Healthcare. The message included a 1-800 number that Plaintiff called. He reached a live agent.

8  He told the agent he was not the person United Healthcare intended to call and to take him off

9  the list. He received another call on January 7, 2019.

10     5.8    The calls made to Plaintiff consisted of prerecorded messages delivered by an

11  automatic dial announcing device ("ADAD"). The prerecorded messages made to Plaintiff, by

12  or on behalf of Defendant, were made for the purpose of commercial solicitation.

13     5.9    Plaintiff has never done business with Defendant.

14     5.10   Even after Plaintiff filed this lawsuit, Plaintiff received several text messages

15  from Defendant.

16     5.11   Plaintiff did not provide prior express consent to receive prerecorded telephone

17  calls or text messages on his cellular telephone from, or on behalf of, Defendant.

18     5.12   Defendant's calls to Plaintiff's cellular phone are intended for some person other

19  than Plaintiff.

20     5.13   Defendant is responsible for making the above-described automated calls.

21     5.14   Defendant has made a significant number of automated and/or prerecorded calls

22  to persons on their cellular telephones in Washington and throughout the United States.

23  Consumers have posted online about United Healthcare's harassing calls:

24         • 10/10/18: Re: I am sick of all these phone calls, UNITED

25          HEALTHCARE. For the love of God, stop calling me please!

26

27

AMENDED CLASS ACTION COMPLAINT - 4
CASE NO. 2:19-CV-00175-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 9/20/18: I used to work for the [United Healthcare] housecalls program. We were yelled and screamed at all the time. We called the same people over and over even when they said no more calls they didn't care they forced us to call over and over Uhc don't care We were forced to get 15 to 20 appointments per day. It was like telemarketing. We had to con members into getting it done lie if needed. Don't do the housecalls program. It's a waste of time. They will cram it down your throat like it's the best thing in the world.

5.15    Defendant is aware of the TCPA's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Defendant therefore knowingly or willfully caused autodialed calls to be made to the cellular phones of Plaintiff and other consumers without their prior express consent.

**B.    Defendant used an ATDS and an artificial or prerecorded voice.**

5.16    When Defendant called his cellular phone, Defendant called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

5.17    Defendant also called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and the transcribed voicemails.

5.18    Defendant is a Fortune 500 company. The scale of its business requires the use of a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

5.19    The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but

AMENDED CLASS ACTION COMPLAINT - 5
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  was programmed to sequentially or randomly access stored telephone numbers to automatically

2  call such numbers for the calls that are the subject of this case. The equipment generated, and

3  then stored, a sequence of telephone numbers for calling, and then automatically called those

4  numbers. The calls were part of a campaign that made numerous phone numbers in a short

5  period of time without human intervention.

6  **C.      Defendant's TCPA violations harmed Plaintiff.**

7        5.20    During the relevant period, Plaintiff has carried his cellular phone with him at

8  most times so that he can be available to family, friends, and his employer.

9        5.21    Defendant's repeated calls invaded Plaintiff's privacy and intruded upon his

10  right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting his daily

11  life and wasted his time.

12        5.22    Defendant's calls and voicemails intruded upon and occupied the capacity of

13  Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls

14  temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to

15  divert attention away from other activities to address the calls and voicemails.

16                        **VI.  CLASS ACTION ALLEGATIONS**

17        6.1    Pursuant to Civil Rule 23, Plaintiff brings this case as a class action on behalf of two Classes of

18  persons defined as follows:

19
        Wrong Number Class: All persons or entities in the United States
20      (1) to whom Defendant placed a call, (2) on or after four years
        before the filing of this action (3) via its Avaya dialer or LiveVox
21      IVR dialing system, (4) directed to a number assigned to a cellular
        telephone service, but not assigned to a United Healthcare member
22      at the time of the call.

23      Do-Not-Call Class: All persons or entities in the United States
24      who received a call to their cellular telephone line made by or on
        behalf of Defendant using its Avaya dialer or LiveVox IVR dialing
25      system on one or more dates after Defendant's records reflect that
        the telephone number was flagged or documented as "do not call,"
26      "final do not contact" or otherwise recorded as a number not to be
        called.
27

AMENDED CLASS ACTION COMPLAINT - 6
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5

Excluded from the Classes is Defendant, any entities in which Defendant has a controlling interest or that have a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family and staff.

6
7
8
9

6.2     **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes each have more than 100 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

10
11

6.3     **Commonality.** There are numerous questions of law and fact common to Plaintiff and Class members. These common questions of law and fact include:

12
13
14
15

a.     Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any cell, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

16
17
18
19
20

b.     Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willingly violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Classes to treble damages;

21
22
23

c.     Whether Defendant is liable for prerecorded calls marketing Defendant's products and/or services when such calls were made by Defendant's agents, affiliates and/or others acting on Defendant's behalf; and

24
25

d.     Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

26
27

6.4     **Typicality.**  Plaintiff's claims are typical of the Classes in that they arise from Defendant's common course of conduct and are based on the same legal and remedial theories.

AMENDED CLASS ACTION COMPLAINT - 7
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      6.5      **Adequacy.**  Plaintiff will fairly an adequately represent and protect the interests

2  of the Classes.  Plaintiff has retained competent and experienced counsel who have significant

3  experience in complex and class action litigation, including consumer class actionsand TCPA

4  class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on

5  behalf of the Classes.  Neither Plaintiff nor his counsel have interests that are contrary to or

6  antagonistic to the members of the Classes.

7      6.6      **Predominance.**  Defendant has engaged in a common course of conduct toward

8  Plaintiff and members of the Classes.  The common issue arising from this conduct that affects

9  Plaintiff and members of the Classes predominate over any individual issues.

10      6.7      **Superiority.**  A class action is the superior method for the fair and efficient

11  adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply

12  with the TCPA.  The interest of individual members of the Classes in individually controlling

13  the prosecution of separate claims against Defendant is small because the statutory damages in

14  an individual action for violation of the TCPA are small.  Management of these claims is likely

15  to present significantly fewer difficulties than are presented in many class claims because the

16  calls at issue are all automated.  Class treatment is superior to multiple individual suits or

17  piecemeal litigation because it conserves judicial resources, promotes consistency and

18  efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.

19  There will be no significant difficulty in the management of this case as a class action.

20      6.8      **Injunctive and Declaratory Relief Is Appropriate.**  Defendant acted on

21  grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making final

22  injunctive relief and corresponding declaratory relief appropriate on a classwide basis.

23  Moreover, on information and belief, Plaintiff alleges that the automated calls made by

24  Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's

25  behalf that are complained of herein are substantially likely to continue in the future if an

26  injunction is not entered.

27

AMENDED CLASS ACTION COMPLAINT - 8
CASE NO. 2:19-CV-00175-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VII.  FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227(b)(1)(A))

7.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2     By making calls to the cellular telephone numbers of Plaintiff and members of the Classes using an ATDS and/or artificial or prerecorded voice, Defendant has violated the TCPA, 47 U.S.C. § 227(b)(1)(A).

7.3     As a result of Defendant's TCPA violations, Plaintiff and members of the Classes are entitled to an award of $500 in damages of each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4     Plaintiff and members of the Classes are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf, from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

8.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     The foregoing acts and omissions of Defendant or other persons or entities acting on Defendant's behalf, constitute numerous and multiple knowing and or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

8.3     As a result of Defendant's knowing or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Classes are entitled to treble damages of up to

AMENDED CLASS ACTION COMPLAINT - 9
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or

2   artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

3          8.4   Plaintiff and members of the Classes are also entitled to and do seek injunctive

4   relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting

5   on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls,

6   except for emergency purposes, to any cellular telephone numbers using an ATDS and/or

7   artificial or prerecorded voice in the future.

8                       **IX.   PRAYER FOR RELIEF**

9          WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

10          A.   Certify the Classes pursuant to Civil Rule 23;

11          B.   Appoint Plaintiff Samson as representative of the Classes;

12          C.   Appoint the undersigned counsel as counsel for the Classes;

13          D.   Grant declaratory, equitable, and/or injunctive relief as permitted by law to

14   ensure that Defendant and/or its affiliates, agents and/or others acting on Defendant's behalf

15   will not continue to engage in the unlawful conduct set forth herein;

16          E.   Award Plaintiff and the Classes statutory, compensatory and exemplary

17   damages as permitted by law;

18          F.   Enter judgment against Defendant for attorney's fees and costs as permitted by

19   law and/or equity;

20          G.   Permit Plaintiff and the Classes leave to amend the Complaint to conform to the

21   evidence presented at trial; and

22          H.   Award any other or further relief which the Court deems fair and equitable.

23

24

25

26

27

AMENDED CLASS ACTION COMPLAINT - 10
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 14th day of April, 2020.

2                                TERRELL MARSHALL LAW GROUP PLLC

3
     By:  /s/ Jennifer Rust Murray #36983
4         Beth E. Terrell, WSBA #26759
          Email: bterrell@terrellmarshall.com
5         Jennifer Rust Murray, WSBA #36983
          Email: jmurray@terrellmarshall.com
6         Adrienne D. McEntee, WSBA #34061
          Email: amcentee@terrellmarshall.com
7         936 North 34th Street, Suite 300
          Seattle, Washington 98103-8869
8         Telephone: (206) 816-6603
          Facsimile: (206) 319-5450
9

10        James A. Francis, *Admitted Pro Hac Vice*
          Email: jfrancis@consumerlawfirm.com
11        John Soumilas, *Admitted Pro Hac Vice*
          Email: jsoumilas@consumerlawfirm.com
12        David A. Searles, *Admitted Pro Hac Vice*
          Email: dsearles@consumerlawfirm.com
13        Jordan M. Sartell, *Admitted Pro Hac Vice*
          Email: jsartell@consumerlawfirm.com
14        FRANCIS MAILMAN SOUMILAS, P.C.
15        1600 Market Street, 25th Floor
          Philadelphia, Pennsylvania 19103
16        Telephone: (215) 735-8600
          Facsimile: (215) 940-8000
17

18        Jonathan Shub, *Admitted Pro Hac Vice*
          Email: jshub@kohnswift.com
19        Kevin Laukaitis, *Admitted Pro Hac Vice*
          Email: klaukaitis@kohnswift.com
20        Aarthi Manohar, *Admitted Pro Hac Vice*
          Email: amanohar@kohnswift.com
21        KOHN, SWIFT & GRAF, P.C.
22        1600 Market Street, Suite 2500
          Philadelphia, Pennsylvania 19103
23        Telephone: (215) 238-1700
          Facsimile: (215) 238-1968
24

25        *Attorneys for Plaintiff*

26

27

AMENDED CLASS ACTION COMPLAINT - 11
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

1

2     I, Jennifer Rust Murray, hereby certify that on April 14, 2020, I electronically filed the

3     foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4     such filing to the following:

5
              Barbara J. Duffy, WSBA #18885
6             Email: duffyb@lanepowell.com
              Heidi B. Bradley, WSBA #35759
7             Email: bradleyh@lanepowell.com
              LANE POWELL PC
8             1420 Fifth Avenue, Suite 4200
              P.O. Box 91302
9             Seattle, Washington 98111-9402
              Telephone: (206) 223-7944
10            Facsimile: (206) 223-7107

11
              Maxwell V. Pritt, *Admitted Pro Hac Vice*
12            Email: mpritt@bsfllp.com
              Email: jchavez@bsfllp.com
13            Email: cseki@bsfllp.com
              Email: tle@bsfllp.com
14            Quyen L. Ta, *Admitted Pro Hac Vice*
              Email: qta@bsfllp.com
15            Email: quyen-ta-1056@ecf.pacerpro.com
16            BOIES SCHILLER FLEXNER LLP
              44 Montgomery Street, 41st Floor
17            San Francisco, California 94104
              Telephone: (415) 293-6800
18            Facsimile: (415) 293-6899

19
              *Attorneys for Defendant*
20

21

22

23

24

25

26

27

AMENDED CLASS ACTION COMPLAINT - 12
CASE NO. 2:19-CV-00175-JLR

1

DATED this 14th day of April, 2020.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:    /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983

4

Email:  jmurray@terrellmarshall.com
936 North 34th Street, Suite 300

5

Seattle, Washington 98103
Telephone: (206) 816-6603

6

Facsimile: (206) 319-5450

7

8

*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED CLASS ACTION COMPLAINT - 13
CASE NO. 2:19-CV-00175-JLR