THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITEDHEALTHCARE SERVICES, INC.,

Defendant.

NO. 2:19-cv-00175-JLR

**PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

III. AUTHORITY AND ARGUMENT ..... 2

A. United has not met its burden of establishing a compelling need for a stay ..... 2

1. A stay will not simplify the issues or proof in this case ..... 3

2. United has not demonstrated hardship or inequity ..... 6

B. The Court should not dismiss, transfer, or stay this case under the first-to-file rule because the first-filed case has been stayed for more than five years ..... 9

IV. CONCLUSION ..... 12

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - i
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142 (E.D. Cal. 2010) ....................10, 12

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) ....................9, 10

*Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019) ....................4

*Barr v. AAPC, Inc.*, No. 19-631, 2019 WL 6115075 (Nov. 24, 2019) ....................3

*Barr v. AAPC, Inc.*, No. 19-631, 2020 WL 1062397 (Feb. 24, 2020) ....................4

*Boger v. Citrix Systems, Inc.*, No. 8:19-cv-01234-PX, 2020 WL 1939702 (D. Md. Apr. 22, 2020) ....................7

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678 (N.D. Cal. Jan. 17, 2017) ....................8

*Clinton v. Jones*, 520 U.S. 681 (1997) ....................3

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) ....................3, 6, 7, 9

*Dist. Hosp. Partners, L.P. v. Burwell*, No. 16-528 ESH, 2016 WL 3746466 (D.D.C. July 8, 2016) ....................5

*Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019) ....................4

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016) ....................8

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015) ....................5

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - ii
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Garter v. Cnty. of San Diego*,
No. 15-cv-1868-MMA (NLS), 2017 WL 1365693 (S.D. Cal. Apr. 14, 2017) ................8

*Hand v. ARB KC, LLC*,
No. 4:19-cv-00108-NKL, 2019 WL 6497432 (W.D. Mo. Dec. 3, 2019)..........................4

*Hiemstra v. Credit One Bank*,
No. 2:16-cv-02437-JAM-EFB, 2017 WL 4124233 (E.D. Cal. Sept. 15, 2017)................6

*In re Midland Credit Mgmt., Inc. TCPA Litig.*,
No. 11-md-2286-MMA, 2020 WL 1287732 (S.D. Cal. Mar. 18, 2020).......................5, 6

*Katz v. Liberty Power Corp., LLC*,
No. 18-cv-10506-ADB, 2019 WL 6051442 (D. Mass. Nov. 15, 2019)...........................4

*Kesler v. IKEA U.S., Inc.*,
No. SACV-07-00568-JVS-RNBX, 2008 WL 11339118 (C.D. Cal. Jan. 2, 2008)...........8

*Kwan v. Clearwire Corp.*,
No. C09-1392 JLR, 2011 WL 1213176 (W.D. Wash. Mar. 29, 2011) .............................5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ..........................................................................................1, 3, 6

*Lathrop v. Uber Techs., Inc.*,
No. 14-CV-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016).................................8

*Lennartson v. Papa Murphy's Holdings, Inc.*,
No. C15-5307 RBL, 2016 WL 51747 (W.D. Wash. Jan. 5, 2016) ..............................3, 6

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005)........................................................................3, 6

*McKinley v. Grill*,
No. 17-2408-JPM-TMP, 2017 WL 7052145 (W.D. Tenn. Aug. 11, 2017)......................8

*Montez v. Chase Home Fin. LLC*,
No. 11-cv-530 JLS, 2011 WL 2729445 (S.D. Cal. July 13, 2011) ..................................6

*Nken v. Holder*,
556 U.S. 418 (2009) ..........................................................................................2, 3

*Ontiveros v. Zamora*,
No. CIV. S-08-567 LKK, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) .........................7

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - iii
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Parker v. Portfolio Recovery Assocs., LLC*,
No. 18-cv-02103-JVS, 2019 WL 4149436 (C.D. Cal. July 11, 2019) ............................4

*Pars Equality Center v. Pompeo*,
No. C18-1122 JLR, 2018 WL 6523135 (W.D. Wash. Dec. 12, 2018) ..........................10

*Perrong v. Liberty Power Corp.*,
411 F. Supp. 3d 258 (D. Del. 2019) ....................................................................4

*Rosenberg v. LoanDepot.com LLC*,
No. 19-10661-NMG, 2020 WL 409634 (D. Mass. Jan. 24, 2020)..................................4

*Seefeldt v. Entm't Consulting Int'l, LLC*,
No. 4:19-cv-00188, 2020 WL 905844 (E.D. Mo. Feb. 25, 2020)...................................7

*Smith v. Truman Rd. Dev.*,
414 F. Supp. 3d 1205 (W.D. Mo. 2019)...................................................................4

*Volkswagen Group of Am., Inc. v. Saul Chevrolet, Inc.*,
No. 515-cv-00505-ODW (SPX), 2015 WL 5680317 (C.D. Cal. Sept. 25, 2015)............7

*Wijesinha v. Bluegreen Vacations Unlimited, Inc.*,
No. 19-cv-20073-CIV, 2019 WL 3409487 (S.D. Fla. Apr. 3, 2019) ..............................4

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - iv
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

United HealthCare Services, Inc.'s motion to stay proceedings pending the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 812 (2020), should be denied. This is not one of the "rare circumstances" in which a stay is warranted. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The probability of the decision in *Barr* impacting this case is extremely remote. The Supreme Court granted certiorari to address the constitutionality of an exemption to the automated call ban of the Telephone Consumer Protection Act. That exemption has no application to Plaintiff's claims. Instead, the exemption applies to autodialed calls made to collect a government debt. Even if the Supreme Court were to invalidate it, the Court would be unlikely to invalidate the entire automated call ban given the presumption of severability. And UHC has not shown that it will suffer hardship absent a stay but there is more than a "fair possibility" that a stay would harm Plaintiff.

In the alternative, United asks the Court to dismiss, transfer or stay this case—in which the parties have completed a substantial amount of written discovery, document production, depositions, and exchanged expert reports—in favor of a case that has been stayed since shortly after it was filed in 2013 and another case that was consolidated with the stayed case and then closed in 2017. But the first-to-file rule does not apply when the parties are not the same, which is the case here. The class period in the stayed case ends more than a year before the class period begins in this case and the calls to the named plaintiffs occurred two years before the calls in this case. Even if the parties were the same, courts have discretion to disregard the first-to-file rule for reasons of equity. It would be inequitable to apply the first-to-file rule in this case given the substantial work the parties have completed, in stark contrast with the lack of progress in the still-stayed first-filed case. Courts also decline to apply the first-to-file rule when a party invokes it in bad faith or when motivated by forum shopping, and United's omission of the status of the other two cases in its motion suggests one or both.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 1
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

United has not provided any valid reason for the Court to stay, dismiss or transfer this case. Plaintiff therefore requests that the Court deny United's motion.

## II. STATEMENT OF FACTS

Plaintiff filed this case in King County Superior Court on January 9, 2019, after receiving calls with prerecorded messages on his new cell phone number asking him to call United about health insurance coverage. ¶¶ 5.1-5.4.[1] Plaintiff asserts claims for violation of the TCPA on behalf of two classes: (1) a "wrong number" class of persons and entities to whom United placed a call using its Avaya dialer or LiveVox IVR dialing system to a cell phone number not assigned to a United member and (2) a "do-not-call" class of persons who received calls made by United using its Avaya dialer or LiveVox IVR dialing system on cell numbers that were recorded as not to be called in United's records. Both classes begin four years before the filing of the complaint, on January 9, 2015. ¶¶ 6.1, 7.2-8.4.

United removed the case to this Court on February 5, 2019. Dkt. No. 1. United then moved for a stay pending guidance from the FCC on the definition of an ATDS and whether a company violates the TCPA when it calls a reassigned number relying on consent from its prior owner. Dkt. No. 35. The Court denied the motion. Dkt. No. 41. The parties have engaged in substantial discovery, including written discovery, document production, and depositions, as well as third-party discovery and expert disclosures. Murray Decl. ¶¶ 2-5. Plaintiff will be moving for class certification by May 8, 2020. Dkt. No. 72.

## III. AUTHORITY AND ARGUMENT

### A. United has not met its burden of establishing a compelling need for a stay.

Courts do not enter stays lightly. "A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result'" to the party seeking a stay. *Nken v. Holder*, 556 U.S. 418, 427

[1] Cites to "¶ __" are to Plaintiff's Amended Class Action Complaint at docket number 82.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 2
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(2009) (citations omitted). As the proponent of the stay, United "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Courts "balance the competing interests that a grant or refusal will affect." *Lennartson v. Papa Murphy's Holdings, Inc.*, No. C15-5307 RBL, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Courts consider generally the damage that may result from a stay, any hardship or inequity in proceeding, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). United has not met its burden.

1. A stay will not simplify the issues or proof in this case.

The question presented in *Barr v. American Association of Political Consultants, Inc.*, No. 19-631, 2020 WL 113070 (U.S. Jan. 10, 2020), is the constitutionality of the government debt collection exemption to the automated call restriction created by the 2015 Bipartisan Budget Act. *See* Pet. for a Writ of Cert., *Barr v. AAPC, Inc.*, No. 19-631, 2019 WL 6115075, at *1 (Nov. 24, 2019). The exemption allows persons collecting government-backed debts like student loans to use an automatic telephone dialing system, or ATDS. This case involves telemarketing calls made by or on behalf of United, not government debt collection calls. Thus, even if the Supreme Court holds that the government-debt exemption is unconstitutional, that holding will not affect the issues in this case. *See* Order at 2, *Sutor v. Amerigroup Corp.*, No. 1:19-cv-1602-LMB-JFA (E.D. Va. Mar. 10, 2020), ECF No. 20 (denying motion to stay TCPA action pending decision in *Barr* because "whether the government-debt exception to the TCPA is constitutional, is not applicable in this action").

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 3
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

United does not contend that the government debt collection exception is relevant to Plaintiff's claims. Instead, United speculates that the Supreme Court could strike down the entire automated call ban. But that outcome is highly unlikely.

First, the Supreme Court has long recognized that severance is preferable when a statutory provision is unconstitutional. *See Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 171 (4th Cir. 2019) (citing *NFIB v. Sebelius*, 567 U.S. 519, 587 (2012)). Second, Congress specifically intended that any unconstitutional provision be severed from the TCPA. *Id.* (citing 47 U.S.C. § 608). Third, adhering to the presumption of severability "will not undermine the automated call ban" as the TCPA was "fully operative" without it for 24 years. *Id*. The appellate courts that have addressed this issue therefore agree that the proper remedy upon invalidation of the exemption would be to sever that provision while preserving the remainder of the federal statute. *See id.* ("direct[ing] the severance of the debt-collection exemption from the balance of the automated call ban"); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156-57 (9th Cir. 2019) (same); *see also* Brief for the Petitioners at 33-42, *Barr v. AAPC, Inc.*, No. 19-631, 2020 WL 1062397, at *33-42 (Feb. 24, 2020) (explaining why the government-debt exception is severable from the remainder of the TCPA). District court cases are in accord. *See*, *e.g.*, *Geraci v. Red Robin Int'l, Inc.*, No. 1:19-cv-01826 (D. Colo. Feb. 28, 2020), ECF No. 70 at 15-18; *Rosenberg v. LoanDepot.com LLC*, No. 19-10661-NMG, 2020 WL 409634, at *7-8 (D. Mass. Jan. 24, 2020); *Hand v. ARB KC, LLC*, No. 4:19-cv-00108-NKL, 2019 WL 6497432, at *15-16 (W.D. Mo. Dec. 3, 2019); *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2019 WL 6051442, at *4 (D. Mass. Nov. 15, 2019); *Smith v. Truman Rd. Dev.,* 414 F. Supp. 3d 1205, 1230-31 (W.D. Mo. 2019); *Perrong v. Liberty Power Corp.*, 411 F. Supp. 3d 258, 268-69 (D. Del. 2019); *Parker v. Portfolio Recovery Assocs., LLC*, No. 18-cv-02103-JVS, 2019 WL 4149436, at *2-3 (C.D. Cal. July 11, 2019); *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-cv-20073-CIV, 2019 WL 3409487, at *5-6 (S.D. Fla. Apr. 3, 2019). United's argument to the contrary ignores the weight of authority on this

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 4
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

issue. *See In re Midland Credit Mgmt., Inc. TCPA Litig.*, No. 11-md-2286-MMA, 2020 WL 1287732, at *4 (S.D. Cal. Mar. 18, 2020) (denying stay pending decision in *Barr* because "based on the focus of the case before the Supreme Court, the Court finds the unlikelihood of the entire automated-call restriction being stricken suggests that a stay is inappropriate").

The remote possibility of the Supreme Court finding the government debt collection provision to be unconstitutional *and* invalidating the entire automated call ban is insufficient to justify a stay. *See Dist. Hosp. Partners, L.P. v. Burwell*, No. 16-528 ESH, 2016 WL 3746466, at *1 (D.D.C. July 8, 2016) (declining to enter a stay where the proponent offered "nothing more than a possibility" of narrowing issues and conserving judicial resources). As one court explained, "the only reason *Barr* would have any bearing on this case is if the Supreme Court both finds the government-debt exception unconstitutional, and decides, contrary to the two courts of appeals to consider the issue, that the appropriate remedy is the extreme measure of striking down the entire statute. Staying this action for months based on this possibility is inefficient and does not promote judicial economy." Order at 2, *Sutor v. Amerigroup Corp.,* No. 1:19-cv-1602-LMB-JFA (E.D. Va. Mar. 10, 2020), ECF No. 20.

United relies on distinguishable cases in which courts entered stays of TCPA claims while the Supreme Court considered issues that were directly relevant to the claims in those cases. In *Kwan v. Clearwire Corp*., for example, the parties stipulated to stay the case pending the Supreme Court's decision in *AT&T Mobility v. Concepcion* because the outcome was directly relevant to the defendants' motions to compel individual arbitration. No. C09-1392 JLR, 2011 WL 1213176, at *3 (W.D. Wash. Mar. 29, 2011) ("The burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration."). In *Eric B. Fromer Chiropractic, Inc. v. New York Life Insurance & Annuity Corp*., the plaintiff acknowledged that no harm would come from a stay while the Supreme Court decided whether a plaintiff who alleges a statutory violation but no concrete injury has standing (in *Robins v. Spokeo, Inc.*) and whether a class action is mooted when the plaintiff receives an offer of

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 5
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

complete relief on his claim (in *Gomez v. Campbell-Ewald Co.*) because "[t]hese issues are squarely relevant to this case: Defendants have moved to dismiss this action on precisely these grounds. No. CV 15-04767-AB, 2015 WL 6579779, at *1 (C.D. Cal. Oct. 19, 2015). The stay in *Lennartson v. Papa Murphy's Holdings, Inc*., was no different, since the Supreme Court's decision in "*Spokeo* could simplify or complicate the class certification process" by limiting the class to those who were charged for the text messages. No. C15-5307 RBL, 2016 WL 51747, at *4-5 (W.D. Wash. Jan. 5, 2016).

2. United has not demonstrated hardship or inequity.

Not only is there little chance of the Supreme Court's ruling in *Barr* impacting this case, United has not met its burden of demonstrating hardship or inequity absent a stay. While United claims that proceeding with litigation would be inefficient, the Ninth Circuit has made clear that "case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway*, 498 F.3d at 1066. United also argues generally that it will have to devote resources to discovery and motion practice, but "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255); *see also In re Midland Credit*, 2020 WL 1287732, at *4 (denying stay pending *Barr* where, among other things, the "[d]efendants' proffered evidence of wasted resources fails to place the discovery work to be completed in the proper context of the discovery that has been ongoing for months"); *Hiemstra v. Credit One Bank*, No. 2:16-cv-02437-JAM-EFB, 2017 WL 4124233, at *2 (E.D. Cal. Sept. 15, 2017) ("costly discovery" alone does not demonstrate a compelling need for imposing a stay); *Montez v. Chase Home Fin. LLC*, No. 11-cv-530 JLS, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (stay not warranted in class action where defendant complained of the "significant burden and expense of engaging in potentially broad-ranging and expensive discovery").

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 6
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The parties have also completed a substantial amount of fact and expert discovery and Plaintiff is poised to file his class certification motion on May 8. This case is therefore different than cases where no significant discovery and briefing has been completed. *See Boger v. Citrix Systems, Inc.*, No. 8:19-cv-01234-PX, 2020 WL 1939702 (D. Md. Apr. 22, 2020); *see also Boger*, No. 8:19-cv-01234-PX (D. Md.), ECF Nos. 22-24 (motion to stay filed on March 18, 2020, the day after Citrix answered the complaint); *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-cv-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020) (entering stay in "[a] (relatively) young case, at least from the standpoint of litigation efforts"). And while United is to be commended for the steps it is taking as a health care provider to address the COVID-19 pandemic, the Court denied the parties' request to extend the case schedule because of scheduling challenges arising from the pandemic. ECF No. 74. Plaintiff expects that, as a Fortune 500 company, United has significant resources available to meet these new challenges while continuing its ongoing business obligations. As he has before, Plaintiff will consider any specific requests for extensions that United may require.[2]

There is, by contrast, much more than a "fair possibility" that a stay would harm Plaintiff. *Dependable Highway*, 498 F.3d at 1066. Plaintiffs in civil cases have "an interest in having their case resolved quickly." *Volkswagen Group of Am., Inc. v. Saul Chevrolet, Inc.*, No. 515-cv-00505-ODW (SPX), 2015 WL 5680317, at *4 (C.D. Cal. Sept. 25, 2015); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) (recognizing that "unduly delaying a plaintiff's day in court constitutes a significant injury"). The memories of relevant nonparties may fade and their evidence may be discarded, prejudicing both Plaintiff and the absent class members, who may ultimately be called upon to

---

[2] United suggests that the amended class definitions will require more expanded discovery than has been completed so far but in fact Plaintiff narrowed the classes to people who received calls made using the two dialers for which United has already produced call records. To the extent additional calls were placed using those dialers during the class period, United should have supplemented its production regardless of whether Plaintiff amended his complaint or not.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 7
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

submit proof to support their claims. *See Kesler v. IKEA U.S., Inc.*, No. SACV-07-00568-JVS-RNBX, 2008 WL 11339118, at *1 (C.D. Cal. Jan. 2, 2008) (finding hardship because "employees and witnesses may disappear, memories may fade, and third party witnesses may dispose of documents that could prove critically important" (citation omitted)); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016).

Delay also would result in more class member contact information being outdated. *See Garter v. Cnty. of San Diego*, No. 15-cv-1868-MMA (NLS), 2017 WL 1365693, at *4 (S.D. Cal. Apr. 14, 2017); *McKinley v. Grill*, No. 17-2408-JPM-TMP, 2017 WL 7052145, at *2 (W.D. Tenn. Aug. 11, 2017); *see also Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (holding that a stay would prejudice plaintiff as "the passage of time will make it more difficult to reach class members.")

United argues that the stay will be short but there is no guarantee the Supreme Court will rule this term, as United predicts, although the Court will hear argument by telephone on May 6, 2020.[3] This uncertainty alone presents a likelihood of harm to Plaintiff. *See, e.g.*, *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) ("Because there is no certain way to determine when a ruling will be forthcoming … the Court concludes that there is a 'fair possibility of harm' to Plaintiff").

That Plaintiff previously stipulated to extend deadlines in this case does not support United's motion. Most of the extensions arose from United's requests for more time. Plaintiff's willingness to reasonably accommodate these requests does not translate into a willingness to submit to a stay of unknown length for a ruling that more likely than not will have no relevance to this case. *See* ECF No. 6 (Plaintiff consented to United's request for 30 additional days to investigate and respond to his complaint); ECF No. 32 (Plaintiff consented to United's request to continue deadlines for the FRCP 26(f) conference, initial disclosures, and joint status report

[3] *See* https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 8
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and discovery plan to allow United more time to respond to Plaintiff's complaint); ECF No. 42 (stipulation to amend scheduling order to build in time to complete ESI discovery and expert work); ECF No. 48 (stipulation to a 30-day extension of deadlines because United was delayed in completing production of calling data); ECF No. 50 (stipulation to extend deadlines to allow Plaintiff to depose United witnesses who were not available within the existing schedule and whose testimony was needed for Plaintiffs' experts to complete their work).

Nor is it relevant that the parties agreed to extend deadlines by a few months to explore possible resolution of the case. *See* ECF Nos. 69, 71. Pausing the expenditure of litigation costs while the parties attempt to settle is very different than subjecting the case to a stay of unknown length while awaiting resolution of an issue in another case that will most likely have no impact on this case at all. *See Dependable Highway*, 498 F.3d at 1067 ("the district court erred by issuing a stay without any indication that would last only for a reasonable time").

**B. The Court should not dismiss, transfer, or stay this case under the first-to-file rule because the first-filed case has been stayed for more than five years.**

The first-to-file rule applies "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The rule does not apply in this case because the parties are not the same. The first-filed case was brought on behalf of a class of "[a]ll persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint." Class Action Complaint for Damages ¶ 24, *Matlock v. United HealthCare Services, Inc.*, Case No. 13-cv-2206 (E.D. Cal. Oct. 22, 2013), ECF No. 2.[4] The proposed class in that case therefore includes persons who received the calls between October 22, 2009 and

[4] United's quotation of portions of the class definition tellingly omitted the reference to the class period. *See* Mtn (Dkt. No. 74) at 4.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 9
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

October 22, 2013. Plaintiff brings his claims on behalf of classes of persons who received calls starting four years before he filed his complaint, or on January 9, 2015. Dkt. No. 80-2 ¶ 6.1. The proposed class in *Matlock* does not, as United asserts, encompass the proposed class in this case. The two do not even overlap. The first-filed rule therefore does not apply. This is not a case like *Pars Equality Center v. Pompeo*, where there was "significant overlap" among the classes in the three cases. No. C18-1122 JLR, 2018 WL 6523135, at *5-6 (W.D. Wash. Dec. 12, 2018); *see also id.* at *5 ("a court should compare the putative classes … to determine whether the classes encompass at least some of the same individuals").

Even if the parties were the same, courts have discretion to disregard the first-to-file doctrine "for reasons of equity." *Alltrade*, 946 F.2d at 628. "In applying the first to file rule, 'courts are not bound by technicalities.'" *Adoma v. Univ. of Phoenix, Inc.*¸711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010) (quoting *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Rather, "[t]he court's discretion is broad." *Id.* (noting that in *Alltrade*, "the Ninth Circuit found that fairness considerations and equitable concerns could bar the application of the rule").

The equities do not favor a stay, transfer or dismissal. The first-filed case that United identifies has been stayed since 2014. Memorandum and Order at 4, *Matlock v. United HealthCare Services, Inc.*, Case No. 13-cv-2206 (E.D. Cal. Mar. 30, 2014), ECF No. 27 (attached as Exhibit 3 to the Murray declaration). The *Matlock* court granted United's motion to stay pending guidance from the FCC on the meaning of "called party"—a motion United also filed in this case and this Court denied, recognizing that "[t]he definition of 'called party' is not an issue of first impression among the federal courts; nor is it 'a particularly complicated issue'" and holding that "the court declines to run the risk of significantly postponing its consideration of claims it is competent to adjudicate." Dkt. No. 41 at 9-12 (citation omitted). The *Matlock* court has repeatedly extended the stay over the years, most recently on October 29, 2019. *See* Murray Decl. Ex. 1 (*Matlock* docket), ECF Nos. 30, 34, 37, 46, 59. United filed

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 10
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

its motion to stay on January 22, 2014, three months after the case was filed. *Id.* at ECF No. 18. The only activity on the docket—other than the repeated extensions of the stay—is the plaintiff's hastily-filed class certification motion, which the plaintiff requested the court defer ruling on until the parties had conducted discovery. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification at 1, *Matlock*, Case No. 13-cv-2206, ECF No. 8-1 (attached as Exhibit 2 to the Murray declaration). The *Matlock* court denied the motion for class certification when it entered the stay. Murray Decl., Ex. 3.

United also identifies *Humphrey v. United Healthcare Services, Inc.*, as an earlier-filed case, but *Humphrey* was transferred from the Northern District of Illinois to the Eastern District of California in 2014, consolidated with *Matlock*, and then closed in 2017. Murray Decl., Ex. 4 (*Humphrey* docket) at ECF Nos. 35, 51, 54. As in *Matlock*, the plaintiff had requested leave to file an early class certification motion that was soon "dismissed" without further briefing. *Id.* at ECF Nos. 4, 8.

The *Matlock* and *Humphrey* dockets reveal that little progress, if any, was made in those cases before they came to a screeching halt. In this case, by contrast, the parties have devoted significant resources to discovery and expert work and are now on the verge of briefing class certification. Plaintiff and his counsel served discovery requests and reviewed responsive documents, met and conferred with United's counsel about inadequate responses and call data issues, took five depositions, worked with an expert to analyze the voluminous call data United produced, served subpoenas on multiple third parties, successfully opposed United's prior motion to stay, served expert reports, and commenced work on class certification. Plaintiff has responded to three sets of interrogatories and four sets of requests for production, produced documents, and been deposed. The parties also prepared for and participated in a mediation, which is continuing. Murray Decl. ¶¶ 2-5. The extent of the work the parties have completed in this case is evident from United's claim that it has incurred well over $1 million in fees and costs defending this case. Dkt. No. 77 (Wong Decl.) ¶ 12.

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 11
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

It would be inequitable to dismiss, transfer or stay this case under the circumstances. *See Adoma*, 711 F. Supp. 2d at 1150 (finding that the equities tipped in favor of an exception to the first-to-file rule because, among other things, the first filed case "has not advanced even to certification"). It also smacks of bad faith and forum shopping for United to request dismissal or transfer of this case without informing the Court that the *Matlock* case has been stayed—on grounds that this Court rejected when United previously moved for a stay in this case—and the *Humphrey* case has been closed. Courts decline to apply the first-to-file rule on those grounds. *See Allstate*, 946 F.2d at 628.

## IV. CONCLUSION

United has not met its burden of establishing the need for a stay or for application of the first-to-file rule. Plaintiff therefore requests that the Court deny United's motion.

RESPECTFULLY SUBMITTED AND DATED this 27th day of April, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 12
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

James A. Francis, *Admitted Pro Hac Vice*
Email: jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email: jsoumilas@consumerlawfirm.com
David A. Searles, *Admitted Pro Hac Vice*
Email: dsearles@consumerlawfirm.com
Jordan M. Sartell, *Admitted Pro Hac Vice*
Email: jsartell@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Jonathan Shub, *Admitted Pro Hac Vice*
Email: jshub@kohnswift.com
Kevin Laukaitis, *Admitted Pro Hac Vice*
Email: klaukaitis@kohnswift.com
Aarthi Manohar, *Admitted Pro Hac Vice*
Email: amanohar@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

*Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 13
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on April 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barbara J. Duffy, WSBA #18885
Email: duffyb@lanepowell.com
Erin M. Wilson, WSBA #42454
Email: wilsonem@lanepowell.com
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: (206) 223-7944
Facsimile: (206) 223-7107

Maxwell V. Pritt, *Admitted Pro Hac Vice*
Email: mpritt@bsfllp.com
Email: jchavez@bsfllp.com
Email: cseki@bsfllp.com
Email: tle@bsfllp.com
Quyen L. Ta, *Admitted Pro Hac Vice*
Email: qta@bsfllp.com
Email: quyen-ta-1056@ecf.pacerpro.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Defendant*

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 14
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

DATED this 27th day of April, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983

Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE TO UNITED HEALTHCARE SERVICES INC.'S MOTION TO STAY PENDING THE U.S. SUPREME COURT'S DECISION IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS*, OR, ALTERNATIVELY, TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - 15
CASE NO. 2:19-CV-00175-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com