UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED HEALTHCARE SERVICES INC.,<br><br>             Defendant. | CASE NO. 2:19-cv-00175<br><br>ORDER ON THE PARTIES' MOTIONS TO SEAL |

This matter is before the Court on the parties' Motions to Seal (Dkt. Nos. 177, 191, 224). Having reviewed the Motions, the responses, and replies, and all supporting materials, the Court DENIES the Motions without prejudice.

**BACKGROUND**

In the course of this case, the Court previously granted the parties' Stipulated Motion and Amended Protective Order due to the likelihood that discovery in this case would produce confidential, proprietary or private information. (See Am. Protective Order (Dkt. No. 63).) When Plaintiff moved for class certification, he filed most of his supporting exhibits under seal

pursuant to the Amended Stipulated Protective Order and Defendant United's request. However, Plaintiff's Motions make clear he does not believe these documents warrant sealing. In United's response to Plaintiff's motion for class certification, it also filed most of the supporting exhibits and declarations under seal. United states that it seeks to redact or maintain under seal two categories of information: (1) confidential member information, including telephone numbers; and (2) confidential information regarding the technology, policies, and procedures United employed in its call campaigns. (Def. Mot to Seal at 5 (Dkt. No. 191).)

Plaintiff's counsel certifies that the parties met and conferred before bringing the motions, as required by Local Rule 5(g)(3)(A). (See Pl. Mot. to Seal at 2 (Dkt. No. 177); Declaration of Jennifer Murray at ¶ 2 (Dkt. No. 178).)

**ANALYSIS**

**A.    Legal Standard**

As a preliminary matter the Court must determine whether to apply the "good cause" or "compelling interest" standard in assessing the Motion. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, Plaintiff's motion for class certification presents factual and legal issues that speak directly to the merits of this dispute. See id. The Court finds that the "compelling interest" test applies to the question of whether the exhibits and certain declarations filed in support of each parties' motion should be sealed.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and

1  quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling

2  reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

3  conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

4  protective order to demonstrate that (1) the material in question is a trade secret or other

5  confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

6  identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

7  (9th Cir. 2003) (citation and quotation omitted). Because Plaintiff's motions are filed in

8  compliance with the Amended Stipulated Protective Order and United's request that such

9  documents be filed under seal, it is United's burden to demonstrate a compelling interest. The

10 Local Rules require United to show: (1) "the legitimate private or public interests that warrant

11 the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why

12 a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B).

13 "Evidentiary support from declarations must be provided where necessary." Id.

14 **B.    United Has Failed to Demonstrate that Sealing is Justified**

15          With regard to the personal member information United seeks to seal, the Court

16 recognizes the importance of protecting individual member information, including telephone

17 numbers. But the Court finds that United fails to demonstrate why the exhibits containing

18 personal information cannot be filed publicly in redacted form. As for the exhibits and

19 declarations that contain confidential business information, United fails to put forth sufficient

20 evidence demonstrating this information should be kept confidential.

21          In its Motion, United claims that certain exhibits and declarations contain "confidential

22 details regarding United's call campaigns, including United's policies and procedures for

23 conducting campaigns." (Def. Mot. to Seal at 8.) But neither the Motion nor the supporting

24

1  declaration adequately explain what those confidential details are. United seeks to seal hundreds
2  of pages of records, but fails to show with specificity where these records contain confidential
3  business details and what those details are. Rather, United leaves for the Court the task of
4  locating evidentiary support for their factual assertions by requiring the Court to conduct a
5  compare and contrast of exhibits. The Court refuses to do this work for United. See Indep.
6  Towers of Wash v. Washington, 350 F.3d 925, 929 (9th Cir.) ("[J]udges are not like pigs,
7  hunting for truffles buried in briefs.")(quoting United States v. Dunkel, 927 F.2d 955, 956 (7th
8  Cir. 1991). Even after a brief review of several exhibits United wishes sealed, the Court again
9  wonders why, at minimum, redacting would not suffice For instance, United seeks to seal
10 Exhibit 11, which is the deposition transcript of Plaintiff's expert. United claims that this record
11 contains confidential business details. (See Def. Mot. to Seal at 11.) But Exhibit 11 appears to be
12 the entire deposition transcript consisting of 244 pages and United provides no supporting
13 declaration or evidence as to why the entire deposition should be sealed. A review of the
14 transcript demonstrates that many portions, perhaps the majority, do not discuss specific business
15 details that warrant sealing. The Court found similar issues with several of the other exhibits it
16 examined. Absent sufficient support, the Court cannot find a compelling interest exists.

## CONCLUSION

The Court finds United has failed to demonstrate with specificity that compelling interests outweigh the public's right to access the information contained in the parties' supporting exhibits and declarations for the class certification briefings. The Court DENIES the Motions to Seal without prejudice to United to refile a motion, along with a supporting declaration that contains adequate information.

//

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated May 16, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER ON THE PARTIES' MOTIONS TO SEAL - 5