UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED HEALTHCARE SERVICES INC.,<br><br>    Defendant. | CASE NO. 2:19-cv-00175<br><br>ORDER ON MOTION TO SEAL |

This matter comes before the Court on Defendant's Renewed Motion to Seal. (Dkt. No. 245.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 252), the Reply (Dkt. No. 260), and all other relevant material, the Court GRANTS in part and DENIES in part Defendant's Motion.

**BACKGROUND**

Plaintiff Frantz Samson brings this case as a class action against Defendant United HealthCare Services ("United"), for alleged violations of the Telephone Consumer Protection Act. At the outset of this case, the Court granted the parties' Stipulated Motion and Amended

ORDER ON MOTION TO SEAL - 1

1  Protective Order due to the likelihood that discovery in the case would produce confidential,

2  proprietary or private information. (Am. Protective Order (Dkt. No. 63).) The parties later

3  brought Motions to Seal when Samson moved for class certification. (Dkt. Nos. 177, 191, 224.)

4  Though Samson's Motions were made pursuant to the protective order, he made clear he did not

5  believe the documents warranted sealing. The Court denied the Motions to Seal because United

6  failed to provide an adequate explanation as to why the records should be sealed. The Motions

7  were denied without prejudice to United to bring another Motion. (Dkt. No. 241.)

8  United's new Motion seeks to seal or redact three categories of documents. (Declaration

9  of Jennie Carter ISO Motion to Seal at 3-9 (Dkt. No. 246).) The first category redacts

10 confidential and identifying information, including names, phone numbers, addresses and

11 medical information about United members and or class members. (Id. at 6-7.) The second

12 category contains documents that discuss United's internal policies and procedures. (Id. at 6.)

13 United seeks to seal these documents in their entirety. The third category asks the Court to seal

14 certain documents and redact certain information involving member demographics and United's

15 dialing campaigns. (Id. at 3-5.) Samson agrees the information revealing confidential member

16 information should be redacted but argues United has not demonstrated a compelling interest for

17 sealing or redacting the remaining documents.

**ANALYSIS**

As a preliminary matter the Court must determine whether to apply the "good cause" or "compelling interest" standard in assessing the Motion. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, Plaintiff's motion for class certification presents factual and legal issues that speak

1  directly to the merits of this dispute. And the parties do not dispute the Motion to Seal falls under

2  the "compelling interest" test. The Court finds the "compelling interest" test applies to the

3  question of whether the exhibits and certain declarations filed in support of each parties' motion

4  should be sealed.

5        Under the "compelling interest" test, the Court must "conscientiously balance[] the

6  competing interests of the public and the party who seeks to keep certain judicial records secret."

7  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and

8  quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling

9  reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

10 conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

11 protective order to demonstrate that (1) the material in question is a trade secret or other

12 confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

13 identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

14 (9th Cir. 2003) (citation and quotation omitted). Because United brings the Motion it is United's

15 burden to demonstrate a compelling interest. United is required to show: (1) "the legitimate

16 private or public interests that warrant the relief sought"; (2) "the injury that will result if the

17 relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not

18 sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided

19 where necessary." Id.

20       The Court finds the first category of redactions should be granted. Redacting personal

21 and medical information serves a compelling interest, and Samson does not argue against

22 redacting this information. The Court GRANTS Defendant's Motion as to the first category of

23 information. The following documents will remain under seal: Plaintiff's Exhibits 5, 6, 7, 8, 9,

24

14, 16, 32, 33 (Dkt. Nos. 179, 229), United's Exhibits 2, 4, 5, 6, 9, 11, 12, 14, 15, 16, 31, 32 (Dkt. No. 214), and the Supplemental Declaration of Jennie Carter (Dkt. No. 200). The redacted versions of these documents are available at docket number 245.

The second category United seeks to seal are documents that discuss United's internal policies and procedures. (Carter Decl. at 6.) The Court is persuaded this category of documents should remain sealed. United submitted a declaration from Jennie Carter, an Associate Director for United's Medicare & Retirement Collections team, who asserts that public disclosure of this information would allow competitors to use the information to replicate United's policies and practices to their advantage. (Id.) This information meets the "compelling interest" test because the documents include call scripts, different types of events United holds for members, and United's processes for initiating calls – all information which could be replicated by United's competitors if the information is made public. See Kamakana, 447 F.3d at 1179 (noting that compelling reasons exist when such court files might become "a vehicle for improper purposes, such as the use of records to . . . release trade secrets"). The Court GRANTS United's Motion as to the second category of documents. Plaintiff's Exhibits 17, 18, 10, 23, 26, and 28 (Dkt. No. 179) shall remain under seal for the purposes of Plaintiff's motion for class certification.

United's third category seeks to seal and redact a number of documents that it refers to as confidential information regarding member demographics and dialing campaigns. (Carter Decl. at 3.) United seeks to seal three documents under this category, only two of which the Court finds warrant sealing. Of the two that warrant sealing, one is Plaintiff's Exhibit 31 (Dkt. No. 179-25), which is a step-by-step guide for United's collections agents making calls. The other is a document that describes the various campaigns United conducts. (United Exhibit 3 (Dkt. No. 214-3)). The nature of these two documents is such that United's competitors could use them to

1   develop similar practices and campaigns, and therefore sealing is warranted. The Court

2   GRANTS United's Motion as to these exhibits. Plaintiff's Exhibit 31 and United's Exhibit 3

3   shall remain under seal.

4       The third document United wishes to seal contains a list of different call disposition

5   codes that can be used, when they should be used and if the member should be called again

6   (United Exhibit 10 (Dkt. No. 214-10). This document provides a certain amount of insight into

7   United's business practices; however, most of the document details the different calling

8   disposition codes United employees can use for calls. But United fails to explain how calling

9   disposition codes could be used by United's competitors, and how the use of those codes would

10  harm United. Because United has failed to articulate a compelling reason why this document

11  should be sealed, the Court DENIES United's motion as to United's Exhibit 10.

12      United also seeks to keep eighteen documents under seal and make publicly redacted

13  versions available. (Carter Decl. at 4-5.) The information contained in these redactions are (i)

14  campaign names and descriptions, (ii) the number of calls United placed, both in total for a

15  specific campaign and the number of calls to wrong numbers the parties' experts identified, (iii)

16  the number of United employees, sometimes used with regard to specific teams and sometimes a

17  more generalized number, (v) United team names, (vi) number of United members and

18  demographic information and (vii) United policy and procedure. The Courts finds some

19  documents should be kept under seal with redacted versions made available and other documents

20  should be unsealed.

21      Regarding the documents that discuss United policy and procedure, consistent with the

22  Court's ruling above, these documents should also be kept under seal with the publicly available

23  versions redacted. Because this information could be used by United's competitors, the Court

24

1  GRANTS United's request and seals Plaintiff's Exhibit 13 (Dkt. No. 179), and the Declaration of
2  Miranda Schutt (Dkt. No. 198). Publicly available redacted versions of these may be found at
3  docket number 245.
4      The Court is unconvinced as to the remainder of United's documents. United claims that
5  call volumes disclose the extent of United's dialing campaigns and resources allotted to the
6  campaigns and that United's competitors would be able to use that information to develop
7  similar campaigns. (Carer Decl. at 5.) But knowing how United allocates its resources does not
8  necessarily provide a competitor with information that could harm United. And the campaign
9  names and descriptions have labels like "RT_LSNP_EN_10," which similar provide no insight
10 into United's business practices in a way that a competitor could use. The Court finds the same
11 rationale applies to United's team names, and number of employees. United does little to explain
12 how this information could be used by a competitor other than making vague assertions that
13 revealing this information could put it at a competitive disadvantage. The Court finds this is
14 insufficient to demonstrate a compelling interest with an identifiable harm that warrants sealing.
15 Because United fails to explain how it could be harmed by revealing this information, the Court
16 DENIES the Motion as to this category of redactions.

### CONCLUSION

18      In conclusion, the Court GRANTS United's Motion to Seal in part and finds the
19 following documents shall remain under seal:
20      (1) Plaintiff's Exhibits 5, 6, 7, 8, 9, 10, 13, 14, 16, 17, 18, 23, 26, 28, 31, 32 (Dkt. No.
21          179), 33 (Dkt. No. 229-1),
22      (2) United's Exhibits 2, 3, 4, 5, 6, 9, 11, 12, 14, 15, 16, 31, 32 (Dkt. No. 214),
23      (3) The Supplemental Declaration of Jennie Carter (Dkt. No. 200), and
24

(4) The Declaration of Miranda Schutt (Dkt. No. 198).

Redacted versions of the relevant documents may be found at docket number 245. The Court DENIES the remainder of United's Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 8, 2023.

Marsha J. Pechman
United States Senior District Judge