UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED HEALTHCARE SERVICES INC.,<br><br>        Defendant. | CASE NO. 2:19-cv-00175 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS NON-WASHINGTON CLASS MEMBERS |

This matter comes before the Court on Defendant's Motion to Dismiss Non-Washington Class Members. (Dkt. No. 277.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 278), the Reply (Dkt. No. 279), and all supporting materials, and having held oral argument on February 21, 2024, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Frantz Samson pursues claims under the Telephone Consumer Protection Act on behalf of two nationwide classes. The Court has certified both classes and United Healthcare

1  Services, Inc. argues that the Court cannot exercise personal jurisdiction over the claims of non-
2  Washington absent class members and must dismiss their claims.

3  Given the nature of United's argument, the Court briefly reviews the salient facts
4  concerning personal jurisdiction. Samson is a Washington resident who received calls from
5  United in Washington after informing United it had the wrong number and asking it not to call
6  again. (Am. Compl. ¶ 3.2 (Dkt. No. 82).) Samson alleges United is incorporated in Delaware (a
7  point United disputes), and the Parties agree that its principal place of business is Minnesota and
8  that it is not a citizen of Washington. (Id. at ¶ 3.2; Mot. at 3 (Dkt. No. 277).) Both Parties also
9  agree and acknowledge the Court may exercise personal jurisdiction over United under the
10 theory of specific jurisdiction because Samson's claims arise out of United's forum-specific
11 conduct in Washington. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915,
12 919 (2011) ("Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the
13 underlying controversy,' principally, activity or an occurrence that takes place in the forum State
14 and is therefore subject to the State's regulation." (citations omitted)).

**ANALYSIS**

16 United moves to dismiss all non-Washington class members' claims on the theory that
17 the Court cannot exercise personal jurisdiction over their claims pursuant to the Supreme Court's
18 holding in Bristol-Myers Squibb Co. v. Superior Court of Cal., 582 U.S. 255 (2017). (Mot. at 1.)
19 To unpack this argument, which the Ninth Circuit has yet to address, the Court reviews the
20 Bristol-Meyers opinion and then examines United's effort to overstretch the holding of that
21 opinion to this action. As the Court explains below, it finds no merit in United's argument and
22 rejects United's invitation to follow the minority of district courts who have embraced its
23 strained theory.

24

A.      The <u>Bristol-Myers</u> Decision

In <u>Bristol-Myers</u>, the Supreme Court examined the limited question of whether each plaintiff in a mass tort action pursuing state law claims and filed in state court had to demonstrate specific jurisdiction over a defendant not subject to general jurisdiction in that state. 582 U.S. at 261. In this context, the Court explained "[i]n order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." <u>Id.</u> at 262 (cleaned up). Applying that standard, the Court found the nonresidents' claims lacked an "adequate link" with California to justify the exercise of specific jurisdiction. <u>Id.</u> at 264-65.

The Court in <u>Bristol-Myers</u> took pains to explain that it provided only a "straightforward application in this case of settled principles of personal jurisdiction [that] will not result in the parade of horribles that respondents conjure up." 582 U.S. at 268. One of these "horribles" was that the ruling would apply to proceedings in federal court. <u>Id.</u> In response, the Court expressly noted that "since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." <u>Id.</u> at 268-69. And as Justice Sotomayor's dissenting opinion highlighted, "the Court today does not confront whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." <u>Id.</u> at 278 n.4 (Sotomayor, J., dissenting).

**B.      United Invites the Court to Err by Applying <u>Bristol-Myers</u> to Class Actions**

Viewing the majority's opinion in <u>Bristol-Myers</u> as an open invitation to expand the holding beyond state law mass tort actions filed in state court, United argues that the rules expressed in <u>Bristol-Myers</u> must also apply to a class action filed in federal court and result in dismissal of non-Washington class members' claims for want of personal jurisdiction. United presses four distinct arguments, which the Court reviews below.

**1.      Class Actions Differ from Mass Actions for Purposes of Personal Jurisdiction**

United's principal argument is that <u>Bristol-Myers</u> applies to this action because multi-plaintiff, mass, and class actions are all indistinguishably similar "type[s] of procedural joinder" for purposes of personal jurisdiction. (Mot. at 10.) Although the Ninth Circuit has not considered this argument, the Sixth and Seventh Circuits have rejected it, as well as this District. See <u>Mussat v. IQVIA, Inc.</u>, 953 F.3d 441 (7th Cir. 2020); <u>Lyngaas v. Ag</u>, 992 F.3d 412 (6th Cir. 2021); <u>Lacy v. Comcast Cable Commc'ns, LLC</u>, No. 3:19-CV-05007-RBL, 2020 WL 1469621, at *2 (W.D. Wash. Mar. 26, 2020) (noting that the majority of courts have rejected United's proposition). The Court agrees with the majority view and rejects United's flawed theory.

United's argument overlooks two key distinctions that undermines its position. First, in single-plaintiff, multi-plaintiff, and mass actions, each plaintiff is a real party-in-interest, and, per <u>Bristol-Myers</u>, the Court must assess personal jurisdiction as to each plaintiff. But in a class action, one or more plaintiffs seek to represent a class of the similarly-situated individuals who are not necessarily considered parties-in-interest. See <u>Devlin v. Scardelletti</u>, 536 U.S. 1, 10 (2005) ("Nonnamed class members . . . may be parties for some purposes and not for others."). As the Court in <u>Devlin</u> noted, absent class members are not considered parties for the purposes of determining diversity jurisdiction—i.e., Article III subject matter jurisdiction . 536 U.S. at 10.

1    It stands to reason that if absent class members do not affect the Court's Article III jurisdiction
2    (which cannot be waived), then they are similarly not considered parties-in-interest for purposes
3    of personal jurisdiction (a due process consideration that may be waived). This is consistent with
4    the Supreme Court's admonishment that the court "may exercise jurisdiction over the claim of an
5    absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts
6    with the forum which would support personal jurisdiction over a defendant." Phillips Petroleum
7    Co. v. Shutts, 472 U.S. 797, 811 (1985). Second, Federal Rule of Civil Procedure 23 imposes
8    additional due process safeguards on class actions that do not exist in the mass tort context. See
9    Fed. R. Civ. P. 23 (requiring, at a minimum, claim commonality, claim typicality, adequacy of
10   representation). Mass actions, like the one in Bristol-Myers, do not—and generally cannot—
11   meet the requirements of Rule 23. At its core, "[p]ersonal jurisdiction is rooted in fairness to the
12   defendant, and Rule 23 provides significant safeguards to that end." Allen v. ConAgra Foods,
13   Inc., No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018), on
14   reconsideration, No. 3:13-CV-01279-WHO, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019). These
15   principles undermine United's attempt to erase the very real and significant differences between
16   class actions and mass actions that render Bristol-Myers irrelevant.

17          United's argument has also been squarely rejected by both the Seventh and Sixth
18   Circuits. The Court reviews both decisions, which are persuasive.

19          The Seventh Circuit was the first circuit court to consider and reject United's same
20   argument. See Mussat v. IQVIA, Inc., 953 F.3d 441 (7th Cir. 2020). In Mussat, an Illinois
21   resident brought a TCPA claim against IQVIA, a Delaware corporation with its headquarters in
22   Pennsylvania. Id. at 443. IQVIA moved to strike the class definition, arguing the district court
23   could not exercise personal jurisdiction over the non-Illinois class members' claims. Id. The
24

district court granted the motion to strike, reasoning that under Bristol-Myers, the unnamed members of the class each had to, but could not, show minimum contacts between the defendant and the forum state. Id. The Seventh Circuit reversed the district court's decision finding that Bristol-Myers does not apply to class actions. The court reasoned that prior to the Supreme Court's decision, "there was a general consensus that due process principles did not prohibit a plaintiff from seeking to represent a nationwide class in federal court, even if the federal court did not have general jurisdiction over the defendant." Id. at 445 (collecting cases). The Court examined the key procedural differences between mass and representative actions, including that "absent class members are not full parties to the case for many purposes." Id. at 447. Noting Supreme Court authority that subject matter jurisdiction is analyzed only as to the named plaintiff in a class action, the Court found "no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction and venue: the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." Id. at 447. The Court finds the rationale in Mussat persuasive and fatal to United's argument.

The Sixth Circuit followed the Seventh Circuit's lead, finding no application of Bristol-Myers to class actions. Lyngaas v. Ag, 992 F.3d 412 (6th Cir. 2021). In Lyngaas, the Court relied on the "[l]ong-standing precedent show[ing] that courts have routinely exercised personal jurisdiction over out-of-state defendants in nationwide class actions, and [that] the . . . analysis has focused on the defendant, the forum, and the named plaintiff. . . ." Id. at 433. The Sixth Circuit noted that since Bristol-Myers, defendants have rushed to argue that many nationwide class actions are constitutionally invalid for lack of specific jurisdiction over the defendant with respect to the claims of unnamed class members. Id. at 434. But as the Sixth Circuit noted, the

Seventh Circuit and the vast majority of lower courts have rejected these arguments. Id. at 434-34 (citing Chernus v. Logitech, Inc., No. 17-673 (FLW), 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018) (collecting cases)). The Sixth Circuit concluded that class actions differ from mass actions because the named class plaintiff earns the right to represent the interests of absent class members by satisfying all four criteria of Rule 23, and for purposes of personal jurisdiction the only "suit" before the court is the one brought by the named plaintiff. Id. at 435. The reasoning in Lyngaas further supports denial of United's argument.

The Court therefore rejects United's argument, which lacks appellate or logical support.

### 2. United's Theory of "Symmetry" Rests on Flawed Logic

United argues that because absent class members have certain due process rights, defendants in class actions must also have the due process right to challenge the exercise of personal jurisdiction over of each absent class member's claim. Calling their argument an attempt to "ensure 'symmetry' in class actions," United argues that Shutts "supports the application of Bristol-Myers Squibb to class actions." (Mot. at 11.) But United's call for "symmetry" is simply a call to make an illogical conclusion from the entirely distinguishable holding in Shutts. The Court in Shutts did not examine whether absent class members had to establish personal jurisdiction over the defendant. Instead, the Court examined whether a state court in Kansas had the power to exercise personal jurisdiction over absent class members who did not possess the minimum contacts with the state. 472 U.S. at 799-800. The Supreme Court ruled the Kansas court had the power to do so because the due process rights of the absent class members were adequately protected by the opt-out notice and other procedural protections under Rule 23. Id. at 809-12. Nothing in Shutts suggests that because absent class members have due process rights, class action defendants must therefore have the right to challenge personal

jurisdiction beyond the named plaintiffs in a class action. The Court remains unconvinced that the holding of Shutts supports an extension of Bristol-Myers to class actions.

3.   **United Incorrectly Relies on Article III Principles to Buttress its Argument**

United argues that because Article III requires standing to be demonstrated for each claim a plaintiff alleges, personal jurisdiction must therefore also require absent class members to show a connection between defendants' conduct within the forum and each claim at issue. (See Mot. at 11-13 (citing TransUnion LLC v. Ramirez, 594 U.S. 413 (2021)).) There are many logical flaws in this argument. First, the Supreme Court in TransUnion did not examine personal jurisdiction or personal jurisdiction of absent class members. Instead, it concerned itself with Article III considerations of standing as to only a named plaintiff. United fails to identify any portion of TransUnion that suggests it was intended to reach the distinct issue of personal jurisdiction or to any issue of standing of absent class members. Second, nothing in TransUnion altered the existing precedent that in a class action, only the class representative must demonstrate subject matter jurisdiction. See Devlin, 536 U.S. at 10; Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 566–67 (2005). So even if one confused standing and subject matter jurisdiction with personal jurisdiction, as United faithfully does, one finds no authority that absent class members alter the Court's subject matter jurisdiction analysis. Given that subject matter jurisdiction is not analyzed as to absent class members, the only "symmetry" that makes logical sense is that personal jurisdiction is not analyzed as to absent class members either. The Court finds no merit to United's strained argument and rejects it.

4.   **Class Actions Do Not Violate the Rules Enabling Act**

Lastly, United argues the Rules Enabling Act prohibits Rule 23 from extinguishing jurisdictional limitations, such as Article III standing or personal jurisdiction. (Mot. at 13.)

Nothing in Rule 23 extinguishes the consideration of personal jurisdiction. The issue is analyzed only as to the named plaintiffs' claims, consistent with the court's analysis of subject matter jurisdiction. And United identifies no authority to suggest that limiting the personal jurisdiction analysis to the named plaintiff violates any substantive due process right. Courts considering this argument have routinely found that a nationwide class action does not abridge any substantive due process rights such that the maintenance of a class action violates the Rules Enabling Act. See Choi v. Kimberly-Clark Worldwide, Inc., No. SACV190468DOCADSX, 2019 WL 4894120, at *6 (C.D. Cal. Aug. 28, 2019); Hicks v. Houston Baptist Univ., No. 5:17-CV-629-FL, 2019 WL 96219, at *6 (E.D.N.C. Jan. 3, 2019); Krumm v. Kittrich Corp., No. 4:19 CV 182 CDP, 2019 WL 6876059, at *5 (E.D. Mo. Dec. 17, 2019). The Court finds no merit in United's argument and rejects it.

**C.     No Grounds to Certify For Interlocutory Appeal**

For the first time in its Reply, United asks the Court to alternatively certify an order of denying its Motion for interlocutory appeal under 28 U.S.C. § 1292(b). (Reply at 2, 9-11 (Dkt. No. 279).) There are two reasons this argument fails. First, United waived the request by failing to ask for this relief in its Motion. That alone warrants denial. Second, even if United had properly raised the issue, there are no grounds for certification. A court should certify an order for interlocutory appeal if there is "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). United has failed to identify any substantial ground for difference of opinion on its argument. Every Circuit Court to consider United's argument has found it devoid of merit. And the majority of district courts have rejected United same arguments. The Court does not find there is a "substantial ground for

difference of opinion" that might make interlocutory appeal appropriate. The Court DENIES the belated request.

## CONCLUSION

United's Motion to Dismiss advances a strained theory that has been rejected by every Circuit Court that has considered it. While <u>Bristol-Myers</u> may have left unanswered the question of whether it applies to class actions in federal court, United has failed to identify any credible basis to extend its holding to class actions. Every argument United advances falls far short of convincing the Court that dismissal of the non-Washington absent class members is appropriate. The Court DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 29, 2024.

Marsha J. Pechman
United States Senior District Judge