UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE SERVICES, INC.,<br><br>Defendant. | CASE NO. C19-175<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM DIRECTED TO NEW T-MOBILE USA, INC. |

THIS MATTER comes before the Court on Plaintiff's Unopposed Motion to Compel Production of documents responsive to a Subpoena Duces Tecum served on T-Mobile USA, Inc., ("T-Mobile"). (Dkt. No. 298.) The Court has considered Plaintiff's Motion, the Declaration of Jennifer Rust Murray in support of Plaintiff's motion and the other pleadings and papers in this matter and **GRANTS** Plaintiff's unopposed motion as follows:

California's Public Utilities Code permits wireless carriers to produce subscriber information in response to a court order. Cal. Pub. Util. Code §§ 2891(a)(4), 2894(a); *see also Lee v. Global Tel*Link Corp.*, 2017 WL 11272587, at *4 (C.D. Cal. Dec. 6, 2017); *see also*

*Hoagland v. Axos Bank*, 2021 WL 5326479, at *1 (S.D. Cal. Nov. 16, 2021) ("California law permits the production of subscriber information pursuant to a court order."). Pursuant to this authority, the Court **ORDERS** T-Mobile to produce the California subscriber information Plaintiff seeks in his subpoena.

Delaware's Stored Communications Act permits telephone companies to provide subscriber information pursuant to a court order. 11 Del. Code Ann. § 2427(d)(1); *see also Lee*, 2017 WL 11272587, at *8. Pursuant to this authority, the Court **ORDERS** T-Mobile to produce the Delaware subscriber information Plaintiff seeks in his subpoena.

Pennsylvania law permits disclosure of subscriber information pursuant to a court order only if the subscriber receives notice from the party seeking the record and is given an opportunity to be heard. 18 Pa.C.S.A. § 5742(c.1)(2); *Lee*, 2017 WL 11272587, at *6. Notice may be provided to subscribers by a third-party class action administrator before subscriber information may be provided to counsel for a proposed or certified class. *See Kelly v. Verizon Penn., LLC*, 2017 WL 11549625, at *9 (E.D. Pa. Aug. 8, 2017); *Lee v. Global Tel*Link Corp.*, 2018 WL 11008970, at *1 (C.D. Cal. Jan. 16, 2018) (*Lee II*). Therefore, the Court **ORDERS** T-Mobile to provide Pennsylvania subscriber information to class action administrator, Continental DataLogix, LLC. Continental DataLogix shall provide to Pennsylvania subscribers the notice required under Pennsylvania law that is substantially similar to the notice attached as Exhibit 4 to the Murray Declaration in support of this motion.

The Court further **ORDERS** that in searching and providing the subscriber information described in the subpoena (the "Subpoenaed Information"), T-Mobile need not provide email addresses or search pre-paid accounts. T-Mobile shall provide a data compilation in a *.csv or Excel format spreadsheet format reflecting the name and billing address for each subscriber of T-Mobile phone services whose phone number appears on the list provided, for the date ranges associated with each phone number, to T-Mobile by Plaintiff's counsel.

The Court **ORDERS** that the Subpoenaed Information shall be maintained as "Confidential" in accordance with the Protective Order entered in the underlying action. The

Subpoenaed Information may be used only for purposes of determining class membership and providing notice to the class in the underlying action, and must be destroyed upon written request of T-Mobile, or in any event no later than three years after the date of the final disposition of this case. Upon written request from T-Mobile, Plaintiff shall confirm to T-Mobile and its counsel, in writing, when the destruction of all Subpoenaed Information is completed.

Finally, the Court **ORDERS** Plaintiff to pay T-Mobile's actual costs associated with production, up to $5,000. If T-Mobile's actual costs exceed $5,000. T-Mobile will confer with Plaintiff's counsel and, if necessary, file a motion with the Court for approval of the higher cost amount.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 22, 2024.

Marsha J. Pechman
United States Senior District Judge