UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANTZ SAMSON, <br><br>                    Plaintiff, <br><br>       v. <br><br> UNITED HEALTHCARE SERVICES INC., <br><br>                    Defendant. | CASE NO. 2:19-cv-00175-MJP <br><br> ORDER ON MOTIONS TO SEAL |

This matter comes before the Court on Defendant's Motion to Seal (Dkt. No. 310), and Plaintiff's Motion to Seal (Dkt. No. 327), both filed in support of briefing related to Defendant's Motion to Decertify the Classes (Dkt. No. 311.) Having reviewed the Motions and all other relevant material, the Court GRANTS IN PART Plaintiff's Motion and GRANTS IN PART and DENIES IN PART Defendant's Motion.

//

//

**BACKGROUND**

Plaintiff Frantz Samson brings this case as a class action against Defendant United HealthCare Services ("UHC"), for alleged violations of the Telephone Consumer Protection Act. The Court certified two classes: the "Wrong Number Class" and the "Do Not Call Class," (Order Granting Class Certification (Dkt. No. 266),) both of which UHC sought to decertify, (Dkt. No. 311.) In support of their arguments for and against decertification, the Parties filed certain information which they each now seek to seal in order to protect it from public disclosure.

After the Motions to Seal were filed, the Court granted the Parties' stipulated motion seeking to (1) withdraw the motion to decertify; (2) decertify the "Do Not Call Class"; and (3) strike all case deadlines in anticipation of a preliminary approval motion. (Dkt. No. 338.) Despite this development, the Court must determine whether certain information filed in support and opposition of the now-withdrawn motion to decertify the classes should remain under seal.

**ANALYSIS**

**A.    Legal Standard**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978). It follows that courts "start with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption may be overcome through a showing that there is either "good cause" or "compelling interest" to seal a judicial record. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. at 1101. Here, the Parties agree that the

1  "compelling interest" test applies because UHC's decertification motion presents factual and legal issues that speak directly to the merits of this dispute.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). A party seeking to seal judicial records are required to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

**B.   UHC's Motion to Seal (Dkt. No. 310.)**

UHC moves to seal (1) transcripts of phone calls made to UHC members, and (2) references to data designated as confidential by third-party subpoena recipients. The Court GRANTS the Motion as to the transcripts but DENIES the Motion as to the data from the third parties.

   **1.   Call transcripts**

UHC first seeks to seal the transcripts of phone calls made to UHC members, as some of those transcripts may contain those members' Personally Identifiable Information ("PII"), such as addresses and Social Security numbers, and information protected under the Health Insurance Portability and Accountability Act, such as medications, medical diagnoses, and medical information numbers.  The Court previously found compelling interest to seal similar

information earlier in this case. (See, e.g., Dkt. No. 276 at 3 ("Redacting personal and medical information serves a compelling interest. . .").) Seeing no reason to deviate from its previous analysis, the Court therefore GRANTS UHC's Motion as it pertains to the call transcripts.

**2.  Third-party data**

UHC next seeks to seal portions of the Kwon Declaration (Dkt. No. 314), which contain data received from third-party subpoena requests to telecommunications companies and includes an expert analysis of the "structure of the carrier's data as well as specific criticisms of carrier data." (Mot. at 4.) The Court previously ordered the subpoena recipients to comply but allowed them to designate certain information as confidential. (Dkt. Nos. 288, 293, 300.) UHC claims that it "file[d] portions of Ms. Kwon's declaration under seal to preserve the subpoena recipients' and their subscribers' confidentiality interests, but it takes no position on whether this information should be maintained under seal." In the three months since UCH filed its Motion, the subpoena recipients have not come forward and said whether there is any reason—let alone a compelling one—for that information to be sealed. On that basis, the Court DENIES UHC's Motion as it pertains to the third-party data.

**C.  Samson's Motion to Seal (Dkt. No. 327.)**

In support of his response to the motion to decertify the classes, Samson moves to seal (1) audio recordings of phone calls, and (2) information UHC has designated as confidential and was ordered previously sealed. The Court GRANTS IN PART the Motion as to the audio recordings and GRANTS the Motion as to UHC's confidential information.

**1.  Call recordings**

Samson first seeks to seal produced audio recordings of phone calls made by UHC to its members and other individuals. The parties have agreed that the recordings should be sealed

because the recordings "have been lodged with the Court in physical form," (Mot. at 2,) and "it is not possible to redact personally identifying information from the recordings," (Declaration of Jennifer Rust Murray (Dkt. No. 38) ¶ 3.) Upon review of the recordings, the Court finds no compelling interest to protecting the information which Samson seeks to seal. The audio recordings feature UHC customer service representatives asking for individuals by first name, being told that they had a wrong number (often through colorful language,) and then hanging up. In some recordings, the representative then discusses how the wrong number should be handled in the UHC system. This information falls far short of the compelling interest standard.

While the strict outlines of the compelling interest test require this information to be unsealed, the Court believes the circumstances of this case warrant an alternative approach. Specifically, the motion to decertify has been withdrawn and the Parties have reached a settlement in principle on Samson's class claims. (See Dkt. No. 338.) The Court does not wish for its ruling on the audio files to distract from the Parties reaching a mutual resolution, particularly when those audio files were filed in response to a now-withdrawn motion. Therefore, the Court GRANTS IN PART Samson's Motion as to the audio files. The files shall remain under seal pending a request that they be unsealed.

2.  **UHC Confidential Information**

Samson next seeks to maintain under seal information that UHC designated as confidential. The Court previously ordered this same information be maintained under seal during class certification. (Dkt. No. 276.) Seeing no reason to deviate from its previous analysis, the Court therefore GRANTS Samson's Motion as it pertains to UHC's confidential information.

## CONCLUSION

UHC's Motion to Seal (Dkt. No. 310) is GRANTED IN PART and DENIED IN PART. There is a compelling interest in protecting the personal and medical information found in the call transcripts, which are to remain under seal. There is no such interest, however, in maintaining under seal the information derived from third-party subpoenas. By December 13, 2024, UHC shall file versions of (1) the now-withdrawn motion to decertify the classes; and (2) the Kwon Declaration with supporting documents, with such information unredacted.

Samson's Motion to Seal (Dkt. No. 327) is GRANTED IN PART. The information designated as confidential by UHC shall remain under seal. The call recordings shall remain sealed and in possession of the clerk of court pending a request that they be unsealed.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 18, 2024.

Marsha J. Pechman
United States Senior District Judge