THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITEDHEALTHCARE SERVICES, INC.,

Defendant.

Case No. 2:19-cv-00175-MJP

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**NOTED FOR CONSIDERATION:**
DECEMBER 20, 2024



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY ..... 1

III. THE SETTLEMENT TERMS ..... 2

A. The Settlement Class ..... 3

B. The Settlement Fund ..... 4

1. Claimant Awards ..... 4

2. Administration Costs ..... 5

3. Attorneys' Fees and Costs ..... 5

4. Service Award ..... 5

C. Release ..... 6

D. Notice Plan ..... 6

E. Objections and Exclusions ..... 6

IV. ARGUMENT ..... 6

A. The proposed settlement should be preliminarily approved. ..... 6

1. The settlement is the result of arm's-length, non-collusive negotiations. ..... 7

2. The relief provided by the settlement is adequate considering the strength of Samson's case and the risks of continued litigation. ..... 8

3. The settlement will be fairly distributed to Settlement Class Members. ..... 9

4. Class Counsel will request approval of a fair and reasonable fee ..... 10

5. The reaction of Settlement Class Members to the proposed settlement. ..... 11



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

B. The Notice Plan complies with Rule 23(e) and due process. .............................. 11

C. The schedule for final approval. ......................................................................... 12

V. CONCLUSION............................................................................................................. 13



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

PAGE(S)

## FEDERAL CASES

*A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828 (9th Cir. 2022) ....................3

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) ....................11

*Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) ....................7

*Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942 (E.D. Cal. Oct. 6, 2015) ....................8, 9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ....................6, 7, 10

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) ....................10

*Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ....................7

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ....................7, 10

*In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) ....................9

*In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) ....................8, 12

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) ....................11

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ....................7

*Krakauer v. DISH Network*, 925 F.3d 643 (4th Cir. 2019) ....................9



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Kramer v. Autobytel, Inc.*, et al., No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) .......... 8

*Kraukauer v. Dish Network,* 925 F.3d 643, 656 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019) .......... 4

*Lytle v. Nutramax Labs., Inc.*, 114 F. 4th 1011 (9th Cir. 2024) .......... 4

*Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) .......... 9

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) .......... 4

*Randall v. Integrated Commc'n Serv.*, 2023 WL 5743133 (W.D. Wash. Sept. 6, 2023) .......... 7

*Ruch v. AM Retail Group,* 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) .......... 8

*Schmitt v. Kaiser Found. Health Plan of Wash.*, 2024 WL 1676754 (W.D. Wash. Apr. 18, 2024) .......... 10

*Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 (N.D. Cal. Mar. 10, 2014) .......... 8

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......... 10

*Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) .......... 9

**FEDERAL RULES AND STATUTES**

Fed. R. Civ. P. 23(c)(2)(B) .......... 11, 12

Fed. R. Civ. P. 23(e)(1) .......... 11

Fed. R. Civ. P. 23(e)(2) .......... 8

47 U.S.C. § 227(b)(3) .......... 1



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Frantz Samson has reached a settlement with Defendant UnitedHealthcare in this class action lawsuit alleging violations of the TCPA. The settlement requires UnitedHealthcare to pay $2,500,000 to create a non-reversionary common fund that will be used to pay settlement awards to Settlement Class Members who submit claims after deducting any Court-approved settlement administration costs, attorneys' fees and costs, and a service award for Samson. The proposed settlement is an excellent result for the Settlement Class. If the settlement is approved as requested, the net fund amount would amount to more than $99 per class member.

The settlement requires Class members to make claims in order to ensure that only people who received alleged violation calls are paid from the fund. If 10% of the Class submits a valid claim, Class Counsel estimate that claimants will receive almost $1,000. If 20% of the Class submits a valid claim, each claimant will receive just under $500. These potential payments exceed those made in other TCPA settlements that have been approved as fair, adequate, and reasonable. The settlement provides an excellent recovery for claimants given that, at trial, Class members could obtain at most $500 to $1,500 per call. 47 U.S.C. § 227(b)(3).

## II. PROCEDURAL HISTORY

Samson filed this case nearly six years ago in January 2019, alleging UnitedHealthcare violated the TCPA by placing non-emergency prerecorded calls without prior express consent. Dkt. 1.

Discovery was hard fought. Samson served six sets of discovery requests and responded to nine. Murray Decl. ¶11. UnitedHealthcare produced over 120,000 pages of documents (including over 1,000 from its expert), over 117,000 call recordings, and 2,605 data files. *Id.* ¶12. Samson was deposed by UnitedHealthcare and took 14 depositions of UnitedHealthcare employees. *Id.* ¶13. Samson's two experts produced five reports and three declarations and were deposed by UnitedHealthcare. UnitedHealthcare's two experts produced two reports and two declarations and Samson deposed one of them. *Id.* ¶14.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The parties briefed eight motions. Murray Decl. ¶15. UnitedHealthcare filed two motions to stay. The Court denied the first motion (Dkt. 41), but granted UnitedHealthcare's second motion pursuant to the first-to-file rule and work halted for two years. Dkt. 153.

Before the case was stayed, the parties briefed class certification. The Court lifted the stay on Samson's motion in 2022 and Samson renewed his class certification motion. Dkt. 172-178. UnitedHealthcare countered with a renewed motion to dismiss under the first-to-file rule, which the Court denied. Dkt. 181-182, 189, 239. Following full briefing, including UnitedHealthcare's sur-reply, and a lengthy hearing, the Court granted the class certification motion, certifying Wrong Number and DNC Classes. Dkt. 191-218, 226-230, 234, 261, 266. UnitedHealthcare filed a Rule 23(f) petition asking the Ninth Circuit for permission to appeal the class certification order, which Samson opposed and the Ninth Circuit denied. Dkt. 282.

UnitedHealthcare continued its vigorous defense after the Rule 23(f) petition was denied. UnitedHealthcare challenged Samson's notice plan; and unsuccessfully moved to dismiss the claims of non-Washington class members for lack of personal jurisdiction. Dkt. 294-295. Samson served subpoenas on wireless carriers, moving to enforce as needed. *See*, *e.g.*, Dkt. 288, 293, 299. UnitedHealthcare produced tens of thousands of call recordings and identified new potential trial witnesses. Samson deposed those witnesses and two additional UnitedHealthcare employees. Dkt. 331 ¶¶ 2-3. UnitedHealthcare moved to decertify the Classes. Dkt. 311. Samson agreed the DNC Class could be decertified, but opposed decertification of the Wrong Number Class. Dkt. 330.

The parties mediated twice with well-respected mediator Lou Peterson, but were unsuccessful. Murray Decl. ¶16. After Samson responded to UnitedHealthcare's decertification motion, the parties worked with Mr. Peterson again and negotiated the proposed settlement. *Id.*

## III. THE SETTLEMENT TERMS

The complete settlement terms are in the Settlement Agreement attached as Exhibit 1 to the Murray Declaration.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**A. The Settlement Class**

The Settlement Agreement defines the Settlement Class as:

> All persons residing within the United States who, between January 9, 2015, and January 9, 2019, received a non-emergency telephone call(s) placed using either the Avaya Pro Contact or LiveVox IVR dialing systems from the Medicare and Retirement Non-Licensed Retention Team, the Community and State National Retention Team or the Medicare and Retirement Collections Team, to a cellular phone through the use of an artificial or prerecorded voice, and who was not a UnitedHealthcare member or a third party authorized to receive calls on a member's behalf at the time of the call.

There are two differences between the Settlement Class and the certified Wrong Number Class. First, unlike the Wrong Number Class, membership in the Settlement Class does not turn on whether Defendant's records show that the Settlement Class member was not a UnitedHealthcare member at the time of the allegedly violative call. *Compare* Dkt. 266 at 30:5-9 *with* Murray Decl., Ex. 1 at Paragraph 1.14 (omitting the phrase "according to Defendant's records"). A person is a Settlement Class member if the person received calls and was not a UnitedHealthcare member at the time of the calls. Second, unlike the Wrong Number Class, third parties authorized to receive calls on behalf of members are not Settlement Class members. *See id.*

The revised Settlement Class definition reflects the class Samson's expert identified in connection with Samson's decertification opposition. *See* Dkt. 332 (identifying Wrong Number Class members based not just on whether Defendant's records showed a call after a "WN" indicator, but on other criteria as well).

Rule 23's requirements remain satisfied.[1] Numerosity is satisfied because the Settlement Class contains over 12,000 individuals. *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 836–37 (9th Cir. 2022). Commonality is satisfied by two significant questions of fact or law: (1) whether UnitedHealthcare used a prerecorded voice to make calls to Class members; and

[1] United agrees this case should be certified for settlement purposes *only*, but if the Settlement Agreement is not approved by this Court, United's decertification motion would move forward consistent with the terms of the Settlement Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(2) whether UnitedHealthcare is liable for calls made to wrong or reassigned numbers. Dkt. 266 at 10. Samson is a typical and adequate representative, as his claims arise from the same course of conduct and are based on the same legal theories as all Class members, he has no conflicts of interest with any Class members, and he and his counsel remain committed to pursuing the litigation on behalf of the class. *Id.* at 10-16; Murray Decl. ¶ 17. Common issues predominate because common evidence, including UnitedHealthcare's business records, records obtained from third parties, and Samson's expert's testimony, will be used to prove Samson's claims. *Lytle v. Nutramax Labs., Inc.*, 114 F. 4th 1011 (9th Cir. 2024); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666–67 (9th Cir. 2022). And a class action remains superior to thousands of individual TCPA actions. *See Kraukauer v. Dish Network,* 925 F.3d 643, 656 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019).

**B. The Settlement Fund**

UnitedHealthcare agrees to pay $2.5 million into a non-reversionary Settlement Fund. The Settlement Fund will be used to pay Court-approved attorneys' fees and costs, a service award to Samson, and settlement administration costs. The balance of the Settlement Fund will be paid to Settlement Class Members who submit valid claims. SA ¶1.20.

1. Claimant Awards

To receive a payment, Settlement Class Members must submit a Claim Form either electronically through the Settlement Website or by mail. The Postcard Notice will include a detachable Claim Form. SA¶ 4.4, Ex. A. Settlement Class Members will have at least 60 days from the date the notices are mailed to submit claims. *Id.* The Claim Form requires attestation under penalty of perjury that the Claimant was the regular user of the phone number when the prerecorded call included in the Class List was received and that they were not a UnitedHealthcare member at the time of the call and did not provide prior express written consent to be called. SA ¶4.4.1. If multiple claims are submitted for the same number, the Settlement Administrator will request verification to identify the person who is a class member



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and has authority to determine which claimant is entitled to payment or find a split of the payment is warranted. SA ¶4.4.2.

If attorneys' fees, costs, a service award, and administration costs are approved as requested, the net fund available to pay claimants will be approximately $1,191,667. There are 12,104 telephone numbers on the Class List. If 10% of Settlement Class members submit a claim, the estimated Claimant Award amount would be $991.90 ($1,191,666.75 ÷ 1,201.4 = $991.90). If 20% submit a claim, the award would be $495.95 ($1,191,666.75 ÷ 2,402.8 = $495.95).

The parties propose that any unclaimed funds resulting from uncashed Claimant Awards be paid in cy pres to the AARP Foundation. SA ¶4.8.

2. <u>Administration Costs</u>

Costs of administering the settlement, including sending notice, processing claims, and maintaining the Settlement Website, will be paid from the Settlement Fund. SA ¶1.18. The parties agree that Continental DataLogix LLC (CDL) should be appointed Settlement Administrator. SA ¶1.19. CDL has agreed to cap its costs at $35,000.

3. <u>Attorneys' Fees and Costs</u>

Class Counsel will move for Court approval of an award of attorneys' fees and costs at least 30 days before the end of the period for claims or objections so that Class members may object. SA ¶2.3. UnitedHealthcare may also object to the request. *Id.* (no prohibition on UnitedHealthcare opposing Class Counsel's request). Class Counsel intend to request an award of $833,333, which is one third (33⅓%) of the Settlement Fund, but is far less than their lodestar. Murray Decl. ¶18.

4. <u>Service Award</u>

Samson will request a Service Award of $20,000 from the Settlement Fund. This request will also be addressed in Class Counsel's motion for an award of attorneys' fees and costs filed at least 30 days before the end of the period for claims or objections. SA ¶¶1.22, 2.3.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

UnitedHealthcare is free to object. *Id.* (no prohibition on UnitedHealthcare opposing the requested Service Award).

**C. Release**

The scope of the release is tailored to all claims arising out of the factual predicate alleged in the complaint. SA ¶1.12.

**D. Notice Plan**

The Settlement Agreement provides for robust notice to Settlement Class Members. SA ¶3.3. The names and contact information for Settlement Class Members will be compiled from wireless carrier responses to subpoenas issued in the case, reverse lookups, and standard industry practices. SA ¶3.3.1. Direct notice will be provided via email or postcard to every person on the Class List with either an email or mailing address. SA ¶¶3.3.4, 3.3.5. The Settlement Administrator will send a reminder email or postcard to encourage Settlement Class Members to file claims. *Id.*

The Settlement Administrator will maintain a publicly available Settlement Website at the existing class notice site: UnitedTCPAclassaction.com. SA ¶3.3.2. The Settlement Administrator will also provide Online Publication Notice through banner advertising that meets industry standards. SA ¶3.3.6.

**E. Objections and Exclusions**

Settlement Class Members may exclude themselves from or object to the settlement at any time during the claims period. SA ¶¶3.4-3.6. Any person who validly excludes themselves will not be bound by the release in the Settlement Agreement. SA ¶¶3.5, 3.7, 5.2. Any objections will be addressed at the Final Approval Hearing. SA ¶3.6.

## IV. ARGUMENT

**A. The proposed settlement should be preliminarily approved.**

The Court's role at preliminary approval is to ensure "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*,



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

Rule 23(e)(2) instructs courts to consider whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (D) the proposal treats class members equitably relative to each other.

These factors are similar to those previously identified by the Ninth Circuit: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 946 (9th Cir. 2011).

Courts must also scrutinize the settlement for signs of collusion between the parties. *See Briseño v. Henderson*, 998 F.3d 1014, 1024 (9th Cir. 2021).

1. The settlement is the result of arm's-length, non-collusive negotiations.

Rule 23(e)(2)(B) requires the court to consider whether the settlement was negotiated at arm's length. "Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, at *3 (W.D. Wash. July 25, 2016); *Randall v. Integrated Commc'n Serv.*, 2023 WL 5743133, at *4 (W.D. Wash. Sept. 6, 2023) ("A proposed class settlement is presumptively fair when reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel. The involvement of an experienced mediator also supports a finding of fairness.").



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel negotiated the settlement with the assistance of an experienced mediator, the benefit of many years of prior experience, and a solid understanding of the facts and law. *See Ruch v. AM Retail Group,* 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) (the "process by which the parties reached their settlement," which included "formal mediation … weigh[ed] in favor of preliminary approval"); Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests"); Murray Decl. ¶¶2-16; *see also* Dkt. 174, 175 (describing Class Counsel's experience).

None of the "red flags" that the Ninth Circuit says may suggest plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations exist here. *See In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). Class Counsel are not receiving a disproportionate portion of the settlement, there is no "clear sailing" agreement—UnitedHealthcare is free to object to the requested fee—and the settlement is non-reversionary. If the Court does not approve attorneys' fees or service award requested, the impacted funds do not revert to UnitedHealthcare, but instead will be distributed to Class Members who submit claims. SA ¶¶ .21 (non-reversionary fund), 4.3 (fees paid from non-reversionary fund in amount approved by the Court).

2. <u>The relief provided by the settlement is adequate considering the strength of Samson's case and the risks of continued litigation.</u>

UnitedHealthcare's agreement to pay $2,500,000 to settle this case is more than adequate given the risks and delay of continued litigation. The settlement Notices estimate payments of $350-$1,000, which far exceed similar settlements approved by other courts. *See, e.g., Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98); *Kramer v. Autobytel, Inc.*, et al., No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) (approving TCPA settlement providing for a cash payment of $100 to each class member); *Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6,



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) (approving settlement where each class member received $34.60 per claimant). The payments may be even higher if fewer than 10% of Class members submit claims.

Samson is confident in his case but pragmatic about the risks of litigation. UnitedHealthcare's motion to decertify was pending when the parties negotiated this settlement, and trial was fast approaching. UnitedHealthcare intended to move to exclude Samson's expert's opinion, which, if granted, would impact Samson's ability to prove UnitedHealthcare's liability. UnitedHealthcare asserted several defenses throughout the litigation, including its express consent defense and contention that exceptions to the TCPA for emergency health or government authorized calls applied. *See* Dkt. 266. Samson believes he would prevail on these motions and overcome UnitedHealthcare's defenses at trial but acknowledges they present significant risk. That interpretations of the TCPA are ever-evolving and notoriously unpredictable injects further uncertainty into the outcome.

Moreover, litigating this case to trial and through any appeals would be expensive, time-consuming, and risky. In two recent TCPA cases a certified class prevailed at trial but had to weather lengthy appeals. *See Krakauer v. DISH Network*, 925 F.3d 643 (4th Cir. 2019) (affirming judgment for Class); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) (vacating judgment on due process grounds and remanding for further proceedings). This settlement, by contrast, provides prompt and certain relief. *See Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.").

3. The settlement will be fairly distributed to Settlement Class Members.

The funds will be allocated to Settlement Class Members in a manner that is fair and reasonable. Each Settlement Class Member who submits a valid claim will receive the same amount. SA ¶4.8.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4. Class Counsel will request approval of a fair and reasonable fee.

Class Counsel will seek payment of attorneys' fees of $833,333, which is one third of the common fund. This amount is intended to compensate Class Counsel for the work performed on behalf of the Settlement Class. District courts have discretion to use either the percentage-of-the-fund or the lodestar method to calculate a reasonable attorneys' fee from a common fund established by a class action settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) Class Counsel's requested fee is reasonable under either approach. *See Bluetooth*, 654 F.3d at 941 (requiring any attorneys' fee award be reasonable).

In Ninth Circuit common fund cases, the "benchmark" award is 25 percent of the recovery obtained. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). But courts may adjust this figure upwards if the record shows "special circumstances justifying the departure." *In re Bluetooth*, 654 F.3d at 942. Counsel are requesting one-third of the common fund in light of the results achieved, the risks involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, and the lodestar crosscheck, which will show a negative multiplier. Murray Decl. ¶17. Courts have awarded one-third of the fund in similar circumstances. *See*, *e.g.*, *Schmitt v. Kaiser Found. Health Plan of Wash.*, 2024 WL 1676754, at *4-5 (W.D. Wash. Apr. 18, 2024) (awarding fee of one third of settlement fund, which was less than lodestar, where settlement "provides a substantial monetary benefit for the Class" and "counsel undertook a significant risk in bringing this class action lawsuit on a contingent basis" since it was complex and "heavily litigated" for several years).

Class Counsel have also incurred nearly $420,000 in out-of-pocket expenses. Murray Decl. ¶¶19-20. These expenses include filing fees, expert witness fees, copying and mailing expenses, computer legal research expenses, and court reporter fees, all of which were necessary to secure the resolution of this litigation. *Id.*; *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Thus, reimbursement is reasonable.

Class Counsel will file a motion for attorneys' fees within sixty days after the Court enters a preliminary approval order, and the motion will be posted on the Settlement Website



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

thirty days before the deadline for class members to opt-out of or object to the settlement. Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). In that motion, Class Counsel will explain in detail why their requested fee is reasonable and Settlement Class Members will have a reasonable opportunity to respond.

5. The reaction of Settlement Class Members to the proposed settlement.

Settlement Class Members have not yet had an opportunity to react to the proposed settlement because notice has not yet gone out. Samson will provide the Court with information about their reaction in the motion for final approval of the settlement.

**B. The Notice Plan complies with Rule 23(e) and due process.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997). The Settlement Agreement's notice plan satisfies these requirements.

The Settlement Agreement requires notice to be sent via mail or email (where available) to Settlement Class Members using address information from wireless carrier subpoena responses, reverse lookups, and other tools and only after the administrator performs address updates and verifications. SA ¶3.3. The Settlement Administrator will establish a toll-free number that Settlement Class Members can call for more information. *Id.* ¶3.3.3.

In addition to direct notice, the Settlement Administrator will maintain a Settlement Website that will display the complaint, Postcard Notice, Long Form Notice, Settlement Agreement, the Claim Form, Preliminary Approval Order, Class Counsel's Motion for Attorneys' Fees, Costs and Service Award, and other filings and orders made in connection with



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the settlement. *Id.* ¶3.3.2. The Settlement Administrator will also run an online advertising campaign. *Id.* ¶3.3.6.

The proposed Notices (SA Exs. A-B, D-H) use plain language so they are easy to understand. They include key information about the settlement, including the deadline for claims, exclusions and objections, and the date of the Final Approval Hearing (and that the hearing date may change without further notice). The Notices state the amount of the fee and cost award Class Counsel will request, the amount of the Service Award Samson will request, and the Administration Costs. The Notices conservatively estimate that each Class member will receive between $350 and $1,000. The Notices disclose that by participating in the settlement, Settlement Class Members give up the right to sue UnitedHealthcare for claims covered by the release. The Notices also direct Settlement Class Members to the Settlement Website and provide the toll-free number for more information.

The proposed notice plan complies with Rule 23 and due process. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also Hyundai*, 926 F.3d at 567 ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'").

**C. The schedule for final approval.**

The parties propose the following schedule for final approval:

| ACTION | DATE |
|---|---|
| Deadline for sending CAFA notice | 10 days after the filing of this motion |
| Deadline for sending notice | 30 days after entry of Preliminary Approval Order (SA ¶1.17, 3.3) |
| Deadline for motion for attorneys' fees, costs, and service award | 60 days after entry of Preliminary Approval Order (SA ¶2.3) |
| Settlement Administrator to send reminder notice | No later than 14 days before the deadline to submit a Claim Form (SA ¶¶3.3.4, 3.3.5) |



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| ACTION | DATE |
|---|---|
| Deadline for Claim Forms, Exclusion Requests and Objections | 90 days after entry of Preliminary Approval Order (SA ¶¶3.4, 4.4) |
| Settlement Administrator to complete review of Claims Forms | No later than 28 days after the deadline for Claim submission (SA ¶4.6) |
| Deadline for final approval motion | No later than 30 days after the deadline for Claim Forms, Exclusions and Objections and 35 days before Final Approval Hearing (SA ¶3.7) |
| Settlement Administrator to send deficiency notices to Claimants | No later than 30 days before the Final Approval Hearing (SA ¶4.7) |
| Deadline for responses to objections | No later than 14 days before the Final Approval Hearing (SA ¶3.7) |
| Final Approval Hearing | At the Court's discretion, but no earlier than 155 days after the Preliminary Approval Order is entered |

## V. CONCLUSION

Samson requests that the Court enter his proposed order that: (1) grants preliminary approval; (2) directs notice to be sent to Settlement Class Members; (3) appoints CDL to serve as the Settlement Administrator; and (4) sets a schedule and hearing date for final approval and related deadlines.

RESPECTFULLY SUBMITTED AND DATED this 20th day of December, 2024.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 4,197 words, in compliance with the Local Civil Rules.*

By: /s/ Jennifer Rust Murray #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Amanda M. Steiner, WSBA #29147

Email: asteiner@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

James A. Francis, *Admitted Pro Hac Vice*
Email: jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email: jsoumilas@consumerlawfirm.com
Jordan M. Sartell, *Admitted Pro Hac Vice*
Email: jsartell@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Jonathan Shub, *Admitted Pro Hac Vice*
Email: jshub@shublawyers.com
Samantha E. Holbrook, *Admitted Pro Hac Vice*
Email: sholbrook@shublawyers.com
SHUB & JOHNS LLC
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, Pennsylvania 19428
Telephone: (610) 477-8380

*Class Counsel*