THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

FRANTZ SAMSON, a Washington resident,
individually and on behalf of all others similarly
situated,

8

9
                    Plaintiff,

10
          v.

11
UNITEDHEALTHCARE SERVICES, INC.,

12

13
                    Defendant.

14

Case No. 2:19-cv-00175-MJP

**ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
AND CONDITIONAL
CERTIFICATION OF
SETTLEMENT CLASS**

15

16    The Settlement Agreement has been filed with the Court (ECF No. 346-1) and the

17  definitions and terms set forth in the Settlement Agreement are incorporated herein by reference.

18  The Court, having reviewed the Settlement Agreement entered into by Plaintiff Frantz Samson

19  ("Plaintiff" or "Class Representative") and Defendant United HealthCare Services, Inc.

20  ("Defendant") (collectively, the "Parties"), hereby orders that:

21          1.      The Court has considered the proposed settlement of the claims asserted under

22  the Telephone Consumer Protection Act (TCPA), by a proposed Settlement Class of consumers

23  defined as follows:

24          All persons residing within the United States who, between January 9,
            2015, and January 9, 2019, received a non-emergency telephone call(s)

25          placed using either the Avaya Pro Contact or LiveVox IVR dialing
            systems from the Medicare and Retirement Non-Licensed Retention

26  ORDER GRANTING PLAINTIFF'S

27  UNOPPOSED MOTION FOR PRELIMINARY
    APPROVAL OF CLASS ACTION SETTLEMENT
    AND CONDITIONAL CERTIFICATION OF
    SETTLEMENT CLASS - 1
    Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Team, the Community and State National Retention Team or the
2  Medicare and Retirement Collections Team, to a cellular phone through
   the use of an artificial or prerecorded voice, and who was not a
3  UnitedHealthcare member or a third party authorized to receive calls on
4  a member's behalf at the time of the call. The Settlement Class does not
   include Defendant, any entity that has a controlling interest in Defendant,
5  and Defendant's current or former directors, officers, counsel, and their
   immediate families. The Settlement Class also does not include any
   person who validly requests exclusion from the Settlement Class.

6      2.      The Settlement Agreement entered between the Parties (ECF No. 346-1),
7
   appears, upon preliminary review, to be fair, reasonable, and adequate to Members of the
8
   Settlement Class ("Settlement Class Members"). Accordingly, for settlement purposes only, the
9
   proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided
10
   for herein.
11
       3.      The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been
12
   preliminarily satisfied, for settlement purposes only, in that:
13
            (A)     The Settlement Class is estimated to contain approximately 12,014
14
                    Settlement Class Members;
15
            (B)     The claims of the Class Representatives are typical of those of the other
16
                    Settlement Class Members;
17
            (C)     There are questions of fact and law that are common to all Settlement
18
                    Class Members; and
19
            (D)     The Class Representative will fairly and adequately protect the interests
20
                    of the Settlement Classes and has retained Class Counsel experienced in
21
                    consumer class action litigation who have and will continue to adequately
22
                    represent the Settlement Class.
23
       4.      For settlement purposes only, the Court finds that this action is preliminarily
24
   maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) a class action is a fair
25
   and efficient adjudication of this controversy; and (2) questions of fact and law common to
26
   ORDER GRANTING PLAINTIFF'S
27  UNOPPOSED MOTION FOR PRELIMINARY
   APPROVAL OF CLASS ACTION SETTLEMENT
   AND CONDITIONAL CERTIFICATION OF
   SETTLEMENT CLASS - 2
   Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Settlement Class Members predominate over any questions affecting only individual members.

2         5.    If the Settlement Agreement is not finally approved, is not upheld on appeal, or

3    is otherwise terminated for any reason before Final Approval, then the Settlement Class shall be

4    decertified; the Settlement Agreement and all negotiations, proceedings, and documents

5    prepared, and statements made in connection therewith, shall be without prejudice to any Party

6    and shall not be deemed or construed to be an admission or confession by any Party of any fact,

7    matter, or proposition of law; and all Parties shall stand in the same procedural position as if the

8    Settlement Agreement had not been negotiated, made, or filed with the Court.

9         6.    The Court appoints Frantz Samson as the Class Representative for the Settlement

10   Class. The Court also appoints Terrell Marshall Law Group PLLC, Francis Mailman Soumilas,

11   P.C., and Shub & Johns LLC, as counsel for the Settlement Class (Class Counsel).

12        7.    If the Settlement Agreement is not finally approved, is not upheld on appeal, or

13   is otherwise terminated for any reason before Final Approval, then the Settlement Agreement

14   and all negotiations, proceedings, and documents prepared, and statements made in connection

15   therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an

16   admission or confession by any Party of any fact, matter, or proposition of law; and all Parties

17   shall stand in the same procedural position as if the Settlement Agreement had not been

18   negotiated, made, or filed with the Court.

19        8.    The Court appoints Continental DataLogix LLC as the Settlement Administrator.

20        9.    The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e)

21   on June 20, 2025, in Courtroom 14229 of the United States District Court for the Western

22   District of Washington at 700 Stewart Street, Seattle, WA 98101 at 10:00 a.m. for the following

23   purposes:

24            (a)    To determine whether the proposed settlement is fair, reasonable, and

25                   adequate and should be granted final approval by the Court;

26   ORDER GRANTING PLAINTIFF'S
27   UNOPPOSED MOTION FOR PRELIMINARY
     APPROVAL OF CLASS ACTION SETTLEMENT
     AND CONDITIONAL CERTIFICATION OF
     SETTLEMENT CLASS - 3
     Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1         (b)     To determine whether a final judgment should be entered dismissing the

2                   claims of the Settlement Class with prejudice, as required by the

3                   Settlement Agreement;

4         (c)     To consider the application of Class Counsel for an award of attorney's

5                   fees, costs, and expenses, and for a service award to the Class

6                   Representative; and

7         (d)     To rule upon other such matters as the Court may deem appropriate.

8      10.     As is provided in Section 3.3 of the Settlement Agreement, the Settlement

9 Administrator will compile the Class List and send the agreed upon Notices to the Settlement

10 Class Members in accordance with the notice plan set forth in the Settlement Agreement. The

11 Court also approves the Parties' Notices, which are attached to the Settlement Agreement. To the

12 extent the Parties or Settlement Administrator determine that ministerial changes to the Notices

13 are necessary before disseminating either to the Settlement Classes, they may make such changes

14 without further application to the Court.

15      11.     The Court finds this manner of giving notice fully satisfies the requirements of

16 Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the

17 circumstances, including its use of individual notice to all Settlement Class Members who can be

18 identified with the available data and reasonable effort, and shall constitute due and sufficient

19 notice to all persons entitled thereto.

20      12.     If a class member chooses to opt out of the Settlement Class, such class member

21 is required to submit a Request for Exclusion to the Settlement Administrator, postmarked on or

22 before the date specified in the Notice, which shall be ninety (90) calendar days from the date

23 this Order is entered (the "Opt Out & Objections Deadline"). The Request for Exclusion must

24 include the items identified in the Settlement Agreement pertaining to such requests. Each

25 written request for exclusion must be signed by the individual seeking exclusion, submitted by

26
ORDER GRANTING PLAINTIFF'S
27 UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
AND CONDITIONAL CERTIFICATION OF
SETTLEMENT CLASS - 4
Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  the Settlement Class Member, and may only request exclusion for that one individual. No person

2  within the Settlement Class, or any person acting on behalf of or in concert or participation with

3  that person, may submit a Request for Exclusion on behalf of any other person within the

4  Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.

5        A class member who submits a valid and timely Request for Exclusion using the

6  procedure identified above shall be excluded from the Settlement Class for any and all purposes.

7  No later than fourteen (14) days after the Opt Out & Objections Deadline, the Settlement

8  Administrator shall prepare a declaration listing all of the valid opt-outs received and shall

9  provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel

10  then reporting the names appearing on this list to the Court before the Final Approval Hearing.

11        13.    A Settlement Class Member who does not file a timely Request for Exclusion, or

12  otherwise does not follow the procedure described in the Settlement Agreement, shall be bound

13  by all subsequent proceedings, orders, and judgments in this action pertaining to the Settlement

14  Class.

15        14.    Any Settlement Class Member who wishes to be heard orally at the Final

16  Approval Hearing, and/or who wishes for any objection to be considered, must submit a written

17  notice of Objection to the Settlement Administrator postmarked no later than the Opt Out &

18  Objections Deadline.

19        As set forth in the Settlement Agreement, the Objection must include the following: (a)

20  the Settlement Class Member's full name, address, telephone number, and email address (if any);

21  (b) the name and number of this case, *Samson v. United HealthCare Services, Inc.*, No. 2:19-cv-

22  00175-MJP; (c) information identifying the objector as a Settlement Class Member, including

23  proof that the objector is a member of the Settlement Class; (d) a statement as to whether the

24  objection applies only to the Settlement Class member, to a specific subset of the Settlement

25  Class, or to the entire Settlement Class; (e) a written statement of the specific legal and factual

26  
27  

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
AND CONDITIONAL CERTIFICATION OF
SETTLEMENT CLASS - 5
Case No. 2:19-cv-00175-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   bases for each and every objection, accompanied by any legal support for the objection the

2   objector believes applicable; (f) the identity of any counsel representing the objector; (g) a

3   statement whether the objector intends to appear at the Final Approval Hearing, either in person

4   or through counsel, and, if through counsel, identifying that counsel; (h) a list of all persons who

5   will be called to testify at the Final Approval Hearing in support of the objections and any

6   documents to be presented or considered; and (i) the objector's signature and the signature of the

7   objector's duly authorized attorney or other duly authorized representative (if any).

8          Any Settlement Class Member who fails to timely file and serve a written Objection

9   pursuant to the terms of Settlement Agreement shall not be permitted to object to the approval of

10  the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of

11  the settlement or the terms of the Settlement Agreement by appeal or other means. Any

12  Settlement Class Member who files an Objection is subject to having their deposition taken prior

13  to the Final Approval Hearing. A Settlement Class Member may withdraw an Objection by

14  communicating such withdrawal in writing to Class Counsel.

15         15.    The Court approves the claims procedures set forth in the Settlement Agreement.

16  A valid Claim Form, as defined in the Settlement Agreement, must be submitted as required in

17  the Class Notice online or postmarked no later than ninety (90) calendar days after the date of

18  this Order.

19         16.    All briefs, memoranda, petitions, and affidavits to be filed in support of an

20  individual award to the Class Representative and in support of Class Counsel's application for

21  fees, costs and expenses, shall be filed with the Court no later than thirty (30) days prior to the

22  Opt Out & Objections Deadline.

23         17.    Any other briefs, memoranda, petitions, or affidavits that Class Counsel intends

24  to file in support of final approval shall be filed not later than thirty (30) days after the Opt Out &

25  Objections Deadline. Notwithstanding the foregoing, Class Counsel may submit declarations

26
27  ORDER GRANTING PLAINTIFF'S
    UNOPPOSED MOTION FOR PRELIMINARY
    APPROVAL OF CLASS ACTION SETTLEMENT
    AND CONDITIONAL CERTIFICATION OF
    SETTLEMENT CLASS - 6
    Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    from the Settlement Administrator regarding any updates in information regarding notice,

2    claims,  and opt-outs no later than fourteen (14) days prior to the Final Approval Hearing.

3    18.    Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be

4    construed or used as an admission or concession by or against Defendant or any of the Released

5    Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released

6    Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any

7    claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released

8    Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion,

9    position, or determination of this Court, one way or the other, as to the merits of the claims and

10    defenses of Plaintiff, the Settlement Class Members, or Defendant.

11    19.    The Court retains exclusive jurisdiction over this action to consider all further

12    matters arising out of or connected with the Settlement Agreement. All proceedings before the

13    Court are stayed pending final approval of the settlement, except as may be necessary to

14    implement the settlement or comply with the terms of the Agreement. Pending final

15    determination of whether the settlement should be approved, the Class Representative, all

16    Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement

17    Class Members, either directly, representatively or in any other capacity, are preliminarily

18    enjoined from commencing or prosecuting against the Released Parties any action or proceeding

19    in any court or tribunal asserting any of the Released Claims, provided, however, that this

20    injunction shall not apply to individual claims of any Settlement Class Members who timely

21    exclude themselves in a manner that complies with this Order. This injunction is necessary to

22    protect and effectuate the settlement, this Order, and the Court's flexibility and authority to

23    effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the

24    Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a). The Court

25    reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to

26
ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY
27
APPROVAL OF CLASS ACTION SETTLEMENT
AND CONDITIONAL CERTIFICATION OF
SETTLEMENT CLASS - 7
Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Settlement Class Members, and retains jurisdiction to consider all further applications arising out

2  of or connected with the settlement. The Court may approve or modify the settlement without

3  further notice to Settlement Class Members.

4         Counsel are hereby authorized to take all reasonable steps in connection with approval

5  and administration of the Settlement not materially inconsistent with this Order or the

6  Agreement, including, without further approval of the Court, making minor changes to the

7  content of the Class Notice that they jointly deem reasonable or necessary.

8         IT IS SO ORDERED.

9         DATED this 15th day of January, 2025.

10

11

12  _____

13  THE HONORABLE MARSHA J. PECHMAN

14  Presented by:

15  TERRELL MARSHALL LAW GROUP PLLC

16  By: /s/ Jennifer Rust Murray #36983
17      Beth E. Terrell, WSBA #26759
        Email: bterrell@terrellmarshall.com
18      Jennifer Rust Murray, WSBA #36983
        Email: jmurray@terrellmarshall.com
19      Adrienne D. McEntee, WSBA #34061
        Email: amcentee@terrellmarshall.com
20      Blythe H. Chandler, WSBA #43387
        Email: bchandler@terrellmarshall.com
21      936 North 34th Street, Suite 300
        Seattle, Washington 98103-8869
22      Telephone: (206) 816-6603

23
        James A. Francis, *Admitted Pro Hac Vice*
24      Email: jfrancis@consumerlawfirm.com
        John Soumilas, *Admitted Pro Hac Vice*
25      Email: jsoumilas@consumerlawfirm.com

26
    ORDER GRANTING PLAINTIFF'S
27  UNOPPOSED MOTION FOR PRELIMINARY
    APPROVAL OF CLASS ACTION SETTLEMENT
    AND CONDITIONAL CERTIFICATION OF
    SETTLEMENT CLASS - 8
    Case No. 2:19-cv-00175-MJP

Jordan M. Sartell, *Admitted Pro Hac Vice*
Email: jsartell@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600


Jonathan Shub, *Admitted Pro Hac Vice*
Email: jshub@shublawyers.com
Samantha E. Holbrook, *Admitted Pro Hac Vice*
Email: sholbrook@shublawyers.com
SHUB & JOHNS LLC
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, Pennsylvania 19428
Telephone: (610) 477-8380

*Class Counsel*

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
AND CONDITIONAL CERTIFICATION OF
SETTLEMENT CLASS - 9
Case No. 2:19-cv-00175-MJP