THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITEDHEALTHCARE SERVICES, INC.,

Defendant.

Case No. 2:19-cv-00175-MJP

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

**NOTED FOR CONSIDERATION WITH ARGUMENT:**
June 20, 2025 at 10:00 a.m.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. Procedural History ........ 1

B. Settlement negotiations and agreement ........ 2

C. The Court granted preliminary approval of the settlement ........ 2

D. The Settlement Administrator fully implemented the Court-approved notice plan ........ 3

E. There were no objections to the settlement; only one person requested to opt out; hundreds submitted claims ........ 4

F. Claimants will receive substantial cash awards after deducting reasonable administration expenses and attorneys' fees and costs ........ 4

1. Claimant Awards ........ 4

2. Administration expenses ........ 5

3. Attorneys' Fees, Costs, and Service Award ........ 5

III. ARGUMENT ........ 5

A. Samson and Class Counsel have adequately represented the Class ........ 7

B. The settlement is the result of arm's-length, non-collusive negotiations ........ 7

C. The relief provided for the Settlement Class is adequate ........ 8

1. The costs, risks, and delay of trial and appeal ........ 8

2. The Settlement Fund will be fairly distributed to Settlement Class Members ........ 9

3. Class Counsel's requested attorneys' fees are reasonable. ........ 9

4. Other agreements ........ 10



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

D. The settlement treats Settlement Class Members equitably ................................ 10

E. The Settlement Class has reacted positively....................................................... 11

F. The notice plan satisfied Rule 23 and due process ............................................. 11

G. The Settlement Class should be finally certified ................................................ 12

H. The requested fees, costs, and service payment should be approved .................. 12

IV. CONCLUSION........................................................................................................ 12



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

PAGE(S)

### FEDERAL CASES

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) .......... 12

*Churchill Village, L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) .......... 6

*Clarkson v. Alaska Airlines, Inc.*,
2025 WL 243024 (E.D. Wash. Jan. 15, 2025) .......... 11

*Ikuseghan v. Multicare Health Sys.*,
No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) .......... 7

*In re Bluetooth Headset Prod. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .......... 6, 7, 10

*In re Cal. Pizza Kitchen Data Breach Litig.*,
129 F.4th 667 (9th Cir. 2025) .......... 6, 11

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) .......... 5

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) .......... 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
895 F. 3d 597 (9th Cir. 2018) .......... 6, 7

*Manacio v. Sovereign Lending Group Inc.*,
2023 WL 6389792 (W.D. Wash. Oct. 2, 2023) .......... 8

*Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*,
688 F.2d 615 (9th Cir. 1982) .......... 7

*Paredes Garcia v. Harborstone Credit Union*,
No. C21-5148, 2023 WL 4315117 (W.D. Wash. July 3, 2023) .......... 10

*Paredes Garcia v. Harborstone Credit Union*,
2023 WL 7412842 (W.D. Wash. Nov. 9, 2023) .......... 9



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ....................5, 8, 11

*Roes 102 v. SFBSC Mgmt., LLC*,
944 F.3d 1035 (9th Cir. 2019) ....................12

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
2024 WL 1676754 (W.D. Wash. Apr. 18, 2024)....................10

*Thomas v. Dun & Bradstreet Credibility Corp.*,
2017 WL 11633508 (C.D. Cal. Mar. 22, 2017)....................8

*Tuttle v. Audiophile Music Direct, Inc.*,
2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) ....................11

*Vu v. I Care Credit LLC*,
2022 WL 22871480 (C.D. Cal. Nov. 4, 2022)....................8

*Williams v. PillPack LLC*,
2025 WL 1149710, (W.D. Wash. Apr. 18, 2025)....................8

**FEDERAL RULES**

Fed. R. Civ. P. 23 ....................9

Fed. R. Civ. P. 23(c)(2)(B) ....................11

Fed. R. Civ. P. 23(e) ....................6

Fed. R. Civ. P. 23(e)(2)....................6

**OTHER AUTHORITIES**

*Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns*,
FTC Staff Report, Sept. 2019 ....................11



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Frantz Samson requests the Court grant final approval of the class action settlement he reached with Defendant UnitedHealthcare Services, Inc. The settlement, reached after nearly six years of contested litigation and following extensive arm's-length negotiations, including three separate private mediations, resolves claims arising out of violations of the Telephone Consumer Protection Act.

United has agreed to pay $2,500,000 to establish a non-reversionary Settlement Fund for the benefit of Settlement Class Members who submitted valid claims. Settlement Administrator Continental DataLogix is in the process of validating claims and will supplement this submission when that process is complete. Based on current validated claims, Samson estimates claimants will receive $480-$1,425. This is an excellent per-claimant recovery under a statutory scheme that authorizes $500 in damages for each call placed in violation of the TCPA and up to $1,500 for each TCPA violation found to be willful.

Continental implemented the Court-approved notice plan and successfully delivered postcard and email notices to 94% of the identified Settlement Class Members. No Settlement Class Member objected to the settlement and only one opted out. Because the settlement is fair, reasonable, and adequate, Samson requests the Court grant final approval of the settlement by: (1) approving the Settlement Agreement; (2) finally certifying the Settlement Class; (3) determining that adequate notice was provided to the Settlement Class; (4) granting Class Counsel's request for $833,333 in attorneys' fees and $417,003 in costs; (5) approving a service payment to Samson in the amount of $20,000; and (6) approving administration costs of $55,627.68.

## II. BACKGROUND

### A. Procedural History

Samson filed this class action lawsuit in early 2019, alleging that United placed multiple prerecorded voice calls to his and other consumers' cell phones without their consent and after they told United to stop calling. Dkt. 1. The path to this settlement was not straightforward.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

United has aggressively defended the case since it moved to stay the litigation—for the first time—shortly after answering the complaint. Dkt. 350 ¶9-13. Class Counsel persisted through numerous discovery battles and eight pre-trial motions, including two motions for class certification. *Id.* The Court ultimately certified Wrong Number and DNC Classes. Dkt. 266. Following certification, the parties engaged in additional motion work and fact and expert discovery. United had moved to decertify the Classes at the time the parties agreed to the settlement. Dkt. 341.

**B. Settlement negotiations and agreement.**

The parties participated over the years in three unsuccessful mediation sessions with experienced mediator Lou Peterson. Dkt. 350 ¶14. After Samson responded to United's decertification motion, the parties worked with Peterson again and negotiated the proposed settlement, which was memorialized in a settlement agreement signed on December 20, 2024. Dkt. 346-1 (Settlement Agreement or SA).

The Settlement Agreement requires United to pay $2,500,000 into a non-reversionary Settlement Fund, which will be used to pay attorneys' fees and costs, a service award to Samson, and settlement administration costs. Dkt. 346-1. The balance of the Settlement Fund will be paid to Settlement Class Members who submitted valid claims. SA ¶ 1.20. The Settlement Agreement's terms, including the definition of the Settlement Class, are laid out in detail in Plaintiff's Motion for Preliminary Approval. Dkt. 345.

**C. The Court granted preliminary approval of the settlement.**

On December 20, 2024, Class Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkt. 345. The Court granted Samson's motion for preliminary approval of the settlement on January 15, 2025, finding the settlement "appears, upon preliminary review, to be fair, reasonable, and adequate" to Settlement Class Members. Dkt. 347 ¶2. The Court also found that the action "is preliminarily maintainable as a class action because: (1) a class action is a fair and efficient adjudication of this controversy; and (2)



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

questions of fact and law common to Settlement Class Members predominate over any questions affecting only individual members." *Id.* ¶4.

The Court approved the proposed notice plan, finding it "fully satisfies the requirements of Fed. R. Civ. P. 23 and due process" and constitutes "the best notice practicable under the circumstances." *Id.* ¶¶10-11. The Court appointed Continental Settlement Administrator. *Id.* ¶8.

**D. The Settlement Administrator fully implemented the Court-approved notice plan.**

Continental executed the notice plan, including an initial notice and two reminder notices, as well as online publication notice. Marr Decl. ¶¶3-20.

Continental created a Settlement Website, www.UnitedTCPAClassAction.com, that provided Settlement Class Members with key documents from the case, including the complaint, Settlement Agreement, preliminary approval motion and order, motion for attorneys' fees, costs, and the service award. Class members could also find the Long Form Settlement Notice and Claim Form on the website, as well as important dates and Continental's contact information. *Id.* ¶4. Class members could email Continental from the Settlement Website, and could also submit a Claim Form online or print the Claim Form and mail it. *Id.* ¶¶4, 6. Continental also established a dedicated phone number for this settlement. *Id.*¶5. Continental received and responded to 1,165 email and 295 telephone inquiries about the settlement. *Id.* ¶5-6.

Class Counsel provided Continental with data for 12,012 phone numbers belonging to Settlement Class Members. Continental was able to find a name, address, or both for 9,499 of the numbers that were associated with 13,256 names. *Id.* ¶8. On February 14, 2025, Continental mailed 3,461 Postcard Notices and sent 10,375 Email Notices, after using industry standard tools to find and update addresses. *Id.* ¶¶8-15, Exs. A & B. On February 27, Continental mailed a Postcard Notice to the Class Members whose Email Notices bounced bank. *Id.* ¶13. Continental attempted to locate addresses for Class Members whose Postcard Notices were returned by USPS as undeliverable to re-send the Postcard Notice. *Id.* ¶¶14-15. Continental sent Email Reminder Notices on March 25 and April 8 and Postcard Reminder Notices on April 1 to all Settlement Class Members who had not filed Claim Forms. *Id.* ¶¶16-18, Exs. C & D.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The email and postcard notices reached 94% of the 9,499 Class Members for whom Continental was able to find a name, address, or both. In total, Continental reached 75% of the 12,012 Settlement Class Members. *Id.* ¶20. Continental supplemented the direct notice with online publication notice on the Google Display Network, Facebook, and Instagram from February 14 to April 15, 2025. The online publication notice generated 6,806,730 impressions and 4,371 clicks. *Id.* ¶19, Ex. E.

**E. There were no objections to the settlement; only one person requested to opt out; hundreds submitted claims.**

Settlement Class Members had sixty days from the date notice was mailed, until April 15, to submit a claim, object to the settlement, or request to be excluded from it. No Settlement Class Members objected and one requested to be excluded. Marr Decl. ¶¶21-22. By contrast, Continental received 6,237 claims. Marr Decl. ¶23. The majority of those claims were deficient because they did not include a class cell phone number. *Id.* ¶24. Continental has approved 824 claims. *Id.* Of the 824 valid claims, 42 were received after the April 15 deadline. *Id*. If all claims are accepted, including the untimely claims, the claims rate is 6.86%. Continental sent deficiency letters to claimants whose timely claims have some deficiency and for whom Continental had either an email or mailing address. *Id.* ¶24. Continental will supplement this submission on June 6, 2025, *see* Dkt. 347 ¶17, with more detail on the responses to the deficiency letters.

**F. Claimants will receive substantial cash awards after deducting reasonable administration expenses and attorneys' fees and costs.**

1. <u>Claimant Awards.</u>

The Net Settlement Fund is sufficient to pay every class member an award of $97.74. If only the valid claims, including late claims, submitted to date are accepted, each claimant will receive a payment of $1,425. If 30% of the deficient claims are cured, claimants would receive approximately $480. Any unclaimed funds resulting from uncashed Claimant Awards will be paid in cy pres to AARP Foundation, which advocates for older consumers, including by providing resources to stop robocalls. Murray Decl. ¶2.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Administration expenses.

At preliminary approval, Continental estimated that the cost of administering the settlement, including sending notice, processing claims, and maintaining the Settlement Website, would be $35,000. To ensure that all Settlement Class Members had an opportunity to submit claims, Class Counsel asked Continental to send reminder notices by email and U.S. mail. Because the Claimant Awards will be over $600, Class Counsel asked Continental to send W-9 forms to Settlement Class Members who submitted valid claim forms. With these additional services, Continental's total costs to administer the settlement are $55,627.68. Marr Decl. ¶26. These costs will be paid from the Settlement Fund. SA ¶1.18.

3. Attorneys' Fees, Costs, and Service Award

Class Counsel request a fee of $833,333, which is one third of the Settlement Fund. Class Counsel's fee request is 24% of their lodestar for their work on the case over nearly five years. Class Counsel also request reimbursement of litigation costs of $417,003. And Samson requests a service award of $20,000.

The requested fee award, costs, and service awards were included in the Notice sent to Settlement Class members. Class Counsel filed their motion seeking these amounts on March 14, 2025, which is 30 days before the April 15, 2025, deadline for Settlement Class members to opt out of or object to the Settlement. Dkt. 345. Class Counsel's motion was posted to the settlement website the day after it was filed. Murray Decl. ¶3.

## III. ARGUMENT

Settlements are favored, particularly in the class action context. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). Courts recognize that a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009).



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Proposed class action settlements are not effective unless approved by the Court. Fed. R. Civ. P. 23(e). Under Rule 23(e)(2), the Court may approve a class action settlement after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The Rule 23(e) factors are similar to those previously identified by the Ninth Circuit: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)); *see also In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025) (the key factors "are now baked into the text of Rule 23(e), and the remaining ones can still be considered for Rule 23(e)(2) analysis").

Despite this "lengthy but non-exhaustive list of factors that a district court may consider when weighing a proposed settlement," "there are few, if any hard-and-fast rules about what makes a settlement 'fair' or 'reasonable.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F. 3d 597, 610 (9th Cir. 2018). "The district court's task in reviewing a settlement is to make sure it is 'not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

adequate to all concerned.'" *Id.* at 617 (quoting *Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982))..

**A. Samson and Class Counsel have adequately represented the Class.**

On October 13, 2023, the Court certified two Classes under Rule 23(b)(3). Dkt. 266. In its order granting class certification, the Court found Samson to be an adequate class representative. *Id.* at 13:10-15:9. The Court further found that Samson's counsel "are adequate to represent the classes." *Id*. at 15:10-16:5.

Nothing has changed. Samson and Class Counsel continued to vigorously represent the Settlement Class's interests and have no conflicts of interest with Class Members. They achieved an excellent result for the Settlement Class.

**B. The settlement is the result of arm's-length, non-collusive negotiations.**

When determining whether a settlement is the product of arm's-length negotiations, a district court must look for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Volkswagen*, 895 F.3d at 611 (quoting *In re Bluetooth*, 654 F.3d at 946–47). "Arm's length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016).

The parties mediated unsuccessfully three times with Mr. Peterson. Dkt. No. 350 ¶ 14. After the class was certified, additional information produced, and United's decertification motion filed, the parties re-opened their discussions and reached agreement with Peterson's help. *Id.* Class Counsel negotiated the settlement after extensive discovery and had a solid understanding of the facts and law of the case. They believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class. Murray Decl. ¶4.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C. The relief provided for the Settlement Class is adequate.**

1. The costs, risks, and delay of trial and appeal.

The Settlement Fund of $2,500,000 is more than adequate given the risks and delays of continued litigation. Class Counsel request that the Court approve all 824 claims validated by Continental, including the 42 otherwise-valid claims submitted after the April 15, 2025 deadline, and any cured deficient claims. Murray Decl. ¶5. Samson will update the Court on the total number of valid claims after the deficiency process is complete. *Id.*

Depending on the number of deficient claims that are corrected, each Eligible Claimant will receive between $480 and $1,425. These amounts exceed per-claimant recoveries in TCPA class settlements approved in the Ninth Circuit. *See, e.g., Williams v. PillPack LLC*, 2025 WL 1149710, at *2 (W.D. Wash. Apr. 18, 2025) (approving settlement involving per-claimant payments between $212 and $350); *Manacio v. Sovereign Lending Group Inc.,* 2023 WL 6389792, at *4 (W.D. Wash. Oct. 2, 2023) (claimants received $115); *Vu v. I Care Credit LLC*, 2022 WL 22871480, at *10 (C.D. Cal. Nov. 4, 2022) (claimants received $18.57); *Thomas v. Dun & Bradstreet Credibility Corp.,* 2017 WL 11633508, at *2 (C.D. Cal. Mar. 22, 2017) (claimants received $100).

Class Counsel negotiated the settlement in the face of real risk. Even though the parties settled this case three months before the scheduled trial date, several motions were pending that could have dramatically impacted the scope of the case, the evidence available to prove the Class's claims, and whether Class members received any relief. While Samson believes he would have defeated United's motion to decertify, the risk to the Class was receiving no recovery. *See Rodriguez*, 563 F.3d at 966 (recognizing risk to plaintiffs that a district court "may decertify a class at any time"). United intended to move to exclude the opinion of Samson's expert, and the parties were preparing to file dispositive motions. United likely would have moved for summary judgment based on one of its affirmative defenses, asserting that its calls to Class members fell within exceptions to the TCPA for emergency health or government authorized call, or were made with express consent. *See* Dkt. 266. A loss on one or more of these



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

motions could also have left the Class with no recovery, or significantly impacted the Class's ability to prove TCPA violations at trial.

This settlement avoids these risks and the additional cost of continuing to litigate, guaranteeing relief to all Class Members who filed valid claims.

2. The Settlement Fund will be fairly distributed to Settlement Class Members.

"[T]he goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." *Paredes Garcia v. Harborstone Credit Union*, 2023 WL 7412842, at *7 (W.D. Wash. Nov. 9, 2023) (citation omitted). The proposed method for processing claims "should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment. This standard is met. Settlement Class Members were required to submit a simple Claim Form to receive a Claimant Award. SA § 4.1; Marr Decl., Ex. B. The Claim Form required Settlement Class Members to provide basic identifying information and to attest that they received a prerecorded call on a cell phone number that they owned at the time the allegedly violative call was placed and their signature. *See id*.

The processing of claims has been efficient and fair. Settlement Class Members could submit claims either online or by mail. Some timely claims were deficient because, for example, they did not include a signature or a cell phone number that was on the class list. Continental sent a deficiency letter to anyone whose claim form was deficient to give them an opportunity to correct the deficiency. Marr Decl. ¶24.

3. Class Counsel's requested attorneys' fees are reasonable.

Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." Class Counsel request a fee of $833,333, which is one-third of the Settlement Fund and is only 24% of Class Counsel's lodestar. In a separate motion for attorneys' fees, Class Counsel set forth the reasons why this fee is reasonable and appropriate for their work on behalf of the Class over the past six years. Dkts. 349-350. An award of one-third of the fund is appropriate where, as here, the settlement is less than $10



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

million, is a favorable result for the class, and class counsel made a significant investment of time and resources, resulting in a lodestar that is less than the requested fee. *See Schmitt v. Kaiser Found. Health Plan of Wash.*, 2024 WL 1676754, at *4-5 (W.D. Wash. Apr. 18, 2024) (awarding one third of settlement fund that "provides a substantial monetary benefit for the Class" where "counsel undertook a significant risk in bringing this class action lawsuit on a contingent basis" since it was complex and "heavily litigated" for several years); *see also* Dkt. 349 at 8 (citing cases).

The Ninth Circuit has identified "red flags" that may suggest plaintiff's counsel allowed pursuit of their own self-interest to infect settlement negotiations. *See In re Bluetooth*, 654 F.3d at 946. None are present here. Class Counsel will not receive a disproportionate portion of the settlement. *See generally* Dkt. 349. There is no "clear sailing" agreement. United and Class Members were free to object to Class Counsel's fee request. Class Members had access to the fee motion on the Settlement Website well before the deadline to object, but no objections were made. And there is no "reverter" clause since no amount of the Settlement Fund will be returned to United, regardless of the amount of the attorneys' fee award. SA §§2.3, 4.3, 4.8.

4. <u>Other agreements.</u>

There are no separate agreements to be disclosed under Rule 23(e)(2)(C)(iv)

**D. The settlement treats Settlement Class Members equitably.**

To determine whether a settlement treats class members fairly, courts consider whether the settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union*, No. C21-5148, 2023 WL 4315117, at *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

The settlement treats all Settlement Class Members the same. They all had the same opportunity to file a claim, and Eligible Claimants will all be paid the same amount. SA §4.8. The only potential preferential treatment in the Settlement is the service award requested for Samson. But service awards "are fairly typical in class action cases," and recognize the efforts



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

undertaken on behalf of the class. *Rodriguez*, 563 F.3d at 958-59. Samson's contributions to the litigation are discussed in the fee motion. Dkt. 349 at 11-12. This factor favors approval.

**E. The Settlement Class has reacted positively.**

"The absence of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Clarkson v. Alaska Airlines, Inc.*, 2025 WL 243024, at *6 (E.D. Wash. Jan. 15, 2025). No Class Members objected to the settlement and only one person requested exclusion. Marr Decl. ¶¶21-22.

By contrast, at least 824 Settlement Class Members—approximately 6.86%—chose to participate in the settlement and have submitted valid claims, a number that may increase following the deficiency process. This factor favors approval. *See*, *e.g.*, *Tuttle v. Audiophile Music Direct, Inc.*, 2023 WL 8891575, at *12 (W.D. Wash. Dec. 26, 2023) (approving settlement with overall 2.4% claims rate and 3.8% claims rate among class members who received direct notice, and citing cases where settlements with much lower claims rates were approved); *see also In re California Pizza Kitchen*, 129 F.4th at 678 (affirming approval of claims-made settlement with 1.8% claims rate and noting that "redemption rates are typically very low because most class members do not bother jumping through the hoops to submit a claim"); Murray Decl., Ex. 1 at 11 (*Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns*, an FTC Staff Report, Sept. 2019).

**F. The notice plan satisfied Rule 23 and due process.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court, which "may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). To comply with due process, notice must be "the best notice practicable under the circumstances, including



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

The notice plan the Court approved consisted of direct notice by U.S. mail and email, supplemented with online publication notice. The email and postcard notices reached 94% of the 9,499 Class Members for whom Continental was able to find a name, address, or both, and 75% of the 12,012 Settlement Class Members. Marr Decl. ¶20. Online publication notice on the Google Display Network, Facebook, and Instagram from February 14 to April 15, 2025 generated 6,806,730 impressions and 4,371 clicks. *Id.* ¶19. The notice plan was reasonably calculated to apprise interested parties of the pendency of this action and to afford them the opportunity to object, *see* Fed. R. Civ. P. 23(e), and satisfies due process. *See Roes 102 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019).

**G. The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3). Dkt. 347. The requirements for certification remain satisfied. For all of the reasons set forth in the Court's Preliminary Approval Order, Dkt. 347, and Plaintiffs' Motion for Preliminary Approval, Dkt. 345 at 3:1-4:11, the Court should finally certify the Settlement Class.

**H. The requested fees, costs, and service payment should be approved.**

Not one Settlement Class Member objected to Class Counsel's request for reasonable attorneys' fees, and a service award to Samson. For the reasons set forth in Samson's Motion for Attorneys' Fees, Costs, and Service Award, Dkt. 349, Class Counsel request that the Court grant their request for $833,333 in attorneys' fees and reimbursement of $417,003 in costs, and a service payment of $20,000 in recognition of Samson's service to the Settlement Class.

## IV. CONCLUSION

For the foregoing reasons, Samson requests that the Court grant final approval of the Settlement, direct that all late but otherwise valid claims be accepted, finally certify the



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement Class, award his counsel $833,333 in attorneys' fees and $417,003 in litigation costs, approve a service award of $20,000, and approve payment of administration expenses.

RESPECTFULLY SUBMITTED AND DATED this 15th day of May, 2025.

TERRELL MARSHALL LAW GROUP PLLC

I certify that this memorandum contains 4,169 words, in compliance with the Local Civil Rules.

By: /s/ Jennifer Rust Murray #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

James A. Francis, *Admitted Pro Hac Vice*
Email: jfrancis@consumerlawfirm.com
John Soumilas, *Admitted Pro Hac Vice*
Email: jsoumilas@consumerlawfirm.com
Jordan M. Sartell, *Admitted Pro Hac Vice*
Email: jsartell@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600

Jonathan Shub, *Admitted Pro Hac Vice*
Email: jshub@shublawyers.com
Samantha E. Holbrook, *Admitted Pro Hac Vice*
Email: sholbrook@shublawyers.com
SHUB JOHNS & HOLBROOK LLP
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, Pennsylvania 19428
Telephone: (610) 477-8380

*Class Counsel*