THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANTZ SAMSON, a Washington resident, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE SERVICES, INC.,<br><br>Defendant. | Case No. 2:19-cv-00175-MJP<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant United HealthCare Services, Inc. (Defendant); the Court having considered all papers filed and arguments made with respect to the proposed settlement of the claim asserted under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by the proposed Settlement Class, and the Court, being fully advised, finds that:

1. On June 20, 2025 the Court held a Final Approval Hearing, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received no objections regarding the settlement.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable

FINAL APPROVAL ORDER AND JUDGMENT - 1
Case No. 2:19-cv-00175-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  under the circumstances, including the dissemination of individual notice to all Settlement Class

2  Members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3      3.      Defendant has timely served notification of this settlement with the appropriate

4  officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5      4.      The Court finds that the Court has jurisdiction over the parties and that all members

6  of the Settlement Class have standing under Article III of the United States Constitution because

7  a person's receipt of prerecorded telephone call sent without the recipient's prior express consent

8  intrudes upon privacy and is an injury for purposes of Article III. *See Van Patten v. Vertical Fitness*

9  *Group, LLC*, 874 F.3d 1037 (9th Cir. 2017).

10     5.      The terms of the Settlement Agreement are incorporated fully into this Order by

11 reference.

12     6.      The Court finds that the terms of Settlement Agreement are fair, reasonable, and

13 adequate in light of the complexity, expense, and duration of litigation, and the risks involved in

14 establishing liability and damages, and maintaining the class action through trial and appeal.

15     7.      The Court has considered the factors enumerated in Rule 23(e)(2) and finds they

16 counsel in favor of final approval.

17     8.      The Court finds that the relief provided under the settlement constitutes fair value

18 given in exchange for the release of claims.

19     9.      The Parties and each Settlement Class Member have irrevocably submitted to the

20 jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement

21 Agreement.

22     10.     The Court finds that it is in the best interests of the Parties and the Settlement Class

23 and consistent with principles of judicial economy that any dispute between any Settlement Class

24 Member (including any dispute as to whether any person is a Settlement Class Member) and any

25 Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement

26 or the Final Judgment and Order should be presented exclusively to this Court for resolution by

27 this Court.

FINAL APPROVAL ORDER AND JUDGMENT -
2
Case No. 2:19-cv-00175-MJP

1     IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

2     11.     This action is a class action against Defendant on behalf a class of persons defined

3     as follows (the "Settlement Class"): All persons residing within the United States who, between

4     January 9, 2015, and January 9, 2019, received a non-emergency telephone call(s) placed using

5     either the Avaya Pro Contact or LiveVox IVR dialing systems from the Medicare and Retirement

6     Non-Licensed Retention Team, the Community and State National Retention Team or the

7     Medicare and Retirement Collections Team, to a cellular phone through the use of an artificial or

8     prerecorded voice, and who was not a UnitedHealthcare member or a third party authorized to

9     receive calls on a member's behalf at the time of the call. The Settlement Class does not include

10    Defendant, any entity that has a controlling interest in Defendant, and Defendant's current or

11    former directors, officers, counsel, and their immediate families. The Settlement Class also does

12    not include any person who validly requests exclusion from it.

13    12.     The Court finds that the Settlement Class satisfies all of the requirements of

14    Federal Rule of Civil Procedure 23(a) and (b)(3) as set forth in its earlier orders granting class

15    certification and preliminary approval in this matter.

16    13.     The Settlement Agreement submitted by the Parties for the Settlement Class is

17    finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable,

18    and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall be

19    deemed incorporated herein and shall be consummated in accordance with the terms and

20    provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

21    14.     As agreed by the Parties in the Settlement Agreement, upon Final Approval, the

22    relevant parties shall be released and discharged in accordance with the Settlement Agreement.

23    15.     As agreed by the parties in the Settlement Agreement, upon Final Approval, each

24    Settlement Class Member is enjoined and permanently barred from instituting, maintaining, or

25    prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims.

26    16.     Upon consideration of Class Counsel's application for fees and costs and other

27    expenses, the Court awards $833,333.00 as reasonable attorneys' fees and $417,003.00 as

FINAL APPROVAL ORDER AND JUDGMENT -
3
Case No. 2:19-cv-00175-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

17.     Upon consideration of the application for approval of a service award, Class Representative Frantz Samson is awarded the sum of $20,000.00, for the service he has performed for and on behalf of the Settlement Class.

18.     The Court authorizes Class Counsel and defense counsel to authorize payment to the Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

19.     The Court overrules any objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

20.     Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Class Representative, Settlement Class Members, or Defendant.

21.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action

FINAL APPROVAL ORDER AND JUDGMENT - 4
Case No. 2:19-cv-00175-MJP

or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

22.    This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

23.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

24.    The person listed in the Declaration of Charles Marr Re: Requests for Exclusion & Objections (Dkt. 352) has validly excluded himself from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order and is thus excluded from the terms of this Order. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, the person listed in Dkt. 352 may not invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims settled by the Settlement Class.

**IT IS SO ORDERED**.

Dated: June 20, 2025

MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

FINAL APPROVAL ORDER AND JUDGMENT - 5
Case No. 2:19-cv-00175-MJP